Legard et al. *v.* Gholson.

---

WILLIAM A. LEGARD et al. use, &c. *vs.* S. J. GHOLSON.

Under our statute, the plaintiff whose judgment may have been sold, shall have two years to redeem the same; and the payment or tender by him to the purchaser of the judgment of the amount of the purchase-money, with ten per cent., shall revive the judgment in his favor, as though the same had never been sold.

The law will imply a promise to pay money received by one person, to which another has a clear right in equity.

The defendant must either rely upon his own title or right to collect and hold the money, or admit that he received it for the use of the plaintiff.

It is no defence to say, that R. paid the money in his own wrong.

IN error from the circuit court of Monroe county; Hon. F. M. Rogers, judge.

This was an action of assumpsit for money had and received to the plaintiff's use, and was founded on the defendant's receipt for the money.

The plaintiffs, on the 30th day of October, 1846, recovered judgment in the circuit court of Monroe county, against one Gabriel M. Ragsdale, for the sum of $637.23, besides cost of suit. Execution issued, and returned no property found.

Afterwards, by virtue of certain orders and proceedings in the said circuit court, said judgment was sold by the sheriff to the defendant, Samuel J. Gholson, on the 4th day of October, 1847, for the sum of $26.50.

Before the two years for redemption limited by the statute had expired, to wit, on the 4th day of September, 1849, the said plaintiffs, through their agent, Buckingham, and who seems to be the real beneficial plaintiff, tendered to the said Gholson the amount bid by him, with ten per cent. thereon, according to the statute.

But Gholson refused to receive the tender; and after the tender, on the 8th day of October, 1849, collected from Ragsdale, the defendant to that judgment, the sum of $600, and gave his receipt therefor in full satisfaction of said judgment.

For this money the plaintiffs brought their action, reciting the facts substantially as set forth.

To this the defendant Gholson demurred, and the court sustained the demurrer.

To reverse which the plaintiffs bring the case to this court.

*S. Cocke*, for plaintiffs in error.

*Goodwin* and *Sale*, for defendant in error.

Mr. Justice Fisher delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Monroe county, sustaining the demurrer to the complaint of the plaintiffs in the court below.

The complaint discloses the following state of facts. The plaintiffs, on the 30th day of October, 1846, recovered a judgment in said court against one Gabriel M. Ragsdale for the sum of $637.23, besides costs of suit, upon which an execution was issued, and returned by the sheriff *nulla bona*. On the 4th

Legard et al. *v.* Gholson.

of October, 1847, the judgment, by virtue of an order of the court previously made, was sold for the costs due thereon, when it was purchased by the defendant for the sum of $26.50. On the 4th of September, 1849, the plaintiffs, through their agent, tendered to the defendant the amount of his bid, with ten per cent. thereon, which the defendant refused to receive. On the 8th of October following, the defendant collected from Ragsdale the amount of the judgment, and afterwards entered satisfaction thereof on the execution docket.

The question presented is, whether the plaintiffs have a remedy at law, or whether they must seek relief in equity.

The action for money had and received is founded on all the equitable circumstances of the case between the parties; and consequently, in order to recover in this form of action, the plaintiff must show that he has equity and conscience on his side. Wheaton's Sel. 81. The statute says, that the plaintiff whose judgment may have been sold shall have two years to redeem the same; and the payment or tender by him to the purchaser of said judgment of the amount of the purchase-money, with ten per cent. shall revive the said judgment in his favor, as though the same had never been sold. Hutch. Code, 920, § 2.

It may be true that the tender will not be sufficient to revest in the plaintiff the legal title to the judgment; it, however, is sufficient to raise a complete equity between the parties, and the law will imply a promise to pay money received by one person, to which another has a clear right in equity.

Ragsdale, after notice of the tender, could not in equity be relieved from the judgment, by a payment to the purchaser, and neither can the purchaser insist that Ragsdale paid the money to him in his own wrong, and that the plaintiffs still have their remedy against Ragsdale, for this would be allowing a man to take advantage of his own wrong.

The defendant must either rely upon his own title or right to collect and hold the money, or admit that he received it for the use of the plaintiffs. It is no defence for him to say that Ragsdale paid in his own wrong, and that the plaintiffs still have their remedy against him. It may be true that in such case,

they would have no remedy against the party paying in his own wrong; but in such case they could exercise their choice of remedies, and pursue either the party wrongfully paying, or wrongfully receiving the money.

Under this view of the question, we are of opinion that the judgment ought to be reversed. Judgment reversed, demurrer overruled, and cause remanded.