## EDWARD R. ALLEN

### *v.*

## MICHAEL STENGER.

1. ASSUMPSIT — *when it lies for money had and received.* An action for money had and received will lie whenever a defendant has received money which in justice belongs to the plaintiff, and which he should, in justice and right, return to the plaintiff.

2. Where the mortgagor in a chattel mortgage sells the mortgaged property on a credit, the proceeds of which sale are to belong to the mortgagee when collected, and after the death of the mortgagor, his administrator collects the purchase money and deposits it with one who is at the time apprised of these facts, an action for money had and received will lie at the suit of the mortgagee against the party so receiving the money on deposit.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Messrs. BROWN & SOUTHWORTH, for the appellant.

Messrs. PARKS & LITTLE, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

About the 12th day of October, 1869, appellee, to secure a debt owing him by Robert Groch, took from him a mortgage on about 1,000,000 brick. Groch, during his lifetime, sold a portion of the brick. Afterwards Groch died and his son was appointed administrator of his estate, and collected various sums of money, which was deposited with appellant. Subsequently the son died, and appellant was appointed administrator *de bonis non* of Groch's estate. Before appellant received the money from the administrator he was notified by appellee that the money for which the brick was sold belonged to him and he should claim it. A demand was made on appellant for the money before suit was brought. On a trial below, before the court and a jury, a verdict was found in favor of plaintiff, and after overruling a motion for a new trial, a judgment was rendered on the verdict, which defendant now seeks to reverse.

It is urged that appellee should look to the estate of the mortgagor for his money, and not to appellant. It appears that he received the money, knowing it to be the proceeds of the brick of appellee, or on which he had a lien and was to have the brick or the proceeds; that the brick had been sold by appellee's agent. Knowing these facts, and being notified by appellee that he should claim the money, we can hardly suppose that appellant would be so reckless as to report this money as a part of the assets of Groch's estate in his hands to be administered. If he so reported them, he did so with a full knowledge of the facts.

Was he, then, liable to pay the money to appellee? There is no pretense that the latter was not entitled to the brick or, when sold, to their proceeds. But the question is as to the remedy he shall pursue for its recovery. It may be a matter of doubt whether appellee could prove up his claim for the price of the brick sold by the mortgagor, when he did not receive the money, against the estate. The agent sold the brick of his principal on time, and died, and his administrator collects the money and pays it to appellant, who knows the facts and knows appellee claims the money as his. In what manner did this become the money of the estate, any more than had the administrator collected money due to any other person and deposited it with appellant, he knowing all of the facts? Had appellant received this money supposing it belonged to the estate, and without knowledge that it belonged to appellee, and had applied it to payment of the debts of the estate under the order of the probate court, he would have been manifestly protected, and appellee's only remedy would have been in the probate court for his claim as a trust fund, because, by failing to proceed or give notice of his claim in time to prevent appellant from applying it as assets, appellee would have been estopped from looking to appellant for it.

Then does an action lie for money had to the use of appellee. Assumpsit always lies to recover money due on simple contract. And this kind of equitable action to recover back money which ought not in justice to be kept is very beneficial and, therefore, much encouraged. It lies only for money which, *ex equo et bono*, the defendant ought to refund. Chit. Contr. 474. When, therefore, according to this rule, one person obtains the money of another, which it is inequitable or unjust for him to retain, the person entitled to it may maintain an action for money had and received for its recovery. And it is not necessary that there should be an express promise, as the law implies a promise. The scope of the action has been enlarged until it embraces a great variety of cases, the usual test being, does the money, in justice, belong to the plaintiff, and has the de-

16—74TH ILL.

fendant received the money, and should he in justice and right return it to plaintiff ? These facts create a privity, and the law implies the promise to pay.

Tested by these rules, we have no hesitation in saying the action lies in this case. Appellant received money for appellee's brick sold by his agent, which was known to him when it came to his hands. It then follows that appellant has money which justly belongs to appellee, and it is inequitable for appellant to hold it, and hence the right to recover. The judgment of the court below must be affirmed.

*Judgment affirmed.*