SEBASTIAN BRAND and another *vs.* JAMES W. WILLIAMS.

June 21, 1882.

**Action for Money Had and Received.**—An action for money had and received can be maintained whenever one man has received or obtained the possession of the money of another which he ought in equity and good conscience to pay over. There need not be any privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right to retain. When the fact appears that he has the money, if he cannot show a legal and equitable ground for retaining it, the law creates the privity and the promise. It is no defence to such an action that the party from whom defendant received the money paid it to him in his own wrong, and that plaintiff might still have his remedy against him.

Appeal by plaintiffs from a judgment of the district court for Lyon county, entered on defendant's motion for judgment on the pleadings. The case is stated in the opinion.

*John B. & W. H. Sanborn,* for appellants.

*O'Brien & Wilson,* for respondent, cited *Hall* v. *Carpen,* 27 Ill. 385; *Trumbull* v. *Campbell,* 8 Ill. 502; *Gammon* v. *Butler,* 48 Me.

344; *Kcr* v. *Osborne*, 9 East, 378; *Tope* v. *Hockin*, 7 B. & C. 101; *Pinto* v. *Santos*, 5 Taunt. 447; *Smith* v. *Rowland*, 18 Ala. 665; *Vrancx* v. *Ross*, 98 Mass. 591; *Bigelow* v. *Davis*, 16 Barb. 561; *Stephens* v. *Badcock*, 3 B. & Adolph. 354; *Robbins* v. *Fennell*, 11 Q. B. 248; *Maddox* v. *Kennedy*, 2 Rich. (S. C.) 102; *Sims* v. *Brittain*, 4 B. & Ad. 375; *Barlowe* v. *Browne*, 16 M. & W. 126; *Kelley* v. *Lindsey*, 7 Gray, 287; *Douglass* v. *Skinner*, 44 Conn. 338.

MITCHELL, J. An action for money had and received can be maintained whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over. This proposition is elementary. There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise. When the fact is proved that he has the money, if he cannot show a legal or equitable ground for retaining it, the law creates the privity and the promise. 2 Chitty, Cont. 899, (11th Am. Ed.;) *Mason* v. *Waite*, 17 Mass. 560; *Hall* v. *Marston*, Id. 575; *Knapp* v. *Hobbs*, 50 N. H. 476; *Eagle Bank* v. *Smith*, 5 Conn. 71. It is not necessary that the defendant should have accepted the money under an agreement to hold it for the benefit of the plaintiff, or that the party from whom he received it intended it for the plaintiff's benefit. Neither is it necessary that the money received by the defendant should have been an exact and specific sum, belonging exclusively to plaintiff, and entirely separate and distinct from any other moneys. We have found no case which lays down any such narrow rule. *Allanson* v. *Atkinson*, 1 Maule & S. 583; *Heart* v. *Chipman*, 2 Aiken, (Vt.) 162.

The facts alleged in the complaint, as modified by admissions in the reply, are in substance that the sheriff of Lyon county held in his possession a stock of goods of Robinson & Maas, under the levies of execution against them in favor of various judgment creditors, including the plaintiffs; that three of these execution liens, amounting to less than $2,000, were prior to that of the plaintiffs, which was the fourth in order and amounted to over $1,000; that upon these exe-

cutions the sheriff sold the stock of goods for $4,000, sufficient to pay all costs and fees, and to satisfy all of said executions; that the sheriff received this $4,000 for the goods in cash, out of which plaintiffs were entitled to be paid the amount of their execution; that defendant, well knowing all these facts, induced and caused the sheriff to pay over to him all of the proceeds of the sale of said goods which was left after paying the amount of the first execution, ($800,) including the portion thereof belonging to plaintiffs, and, although requested to pay over their share to plaintiffs, refuses to do so.

On sale, the proceeds of the property belonged to those who owned it, or those who held liens upon it before sale. Hence, if plaintiffs could establish by evidence the allegations of their complaint, they would be entitled to recover. Consequently, it was error in the court below to order judgment for defendant on the pleadings. It was immaterial that the sheriff paid the money to defendant in his wrong, and that plaintiffs may still have their remedy against him. Having a choice of remedies, the plaintiffs may elect. *Legard* v. *Gholson,* 24 Miss. 691; *Allen* v. *Stenger,* 74 Ill. 119.

Judgment reversed.