THE FIRST NATIONAL BANK OF SPRINGFIELD

*v.*

GEORGETTA E. GATTON.

*Opinion filed April 21, 1898.*

1. ASSUMPSIT—*privity of contract not essential to right to bring as-
sumpsit.*   Assumpsit for money had and received may be maintained
whenever the defendant has obtained money belonging to the
plaintiff which in equity and good conscience he has no right to
retain, as in such case the law implies a promise to pay, notwith-
standing there was no privity between the parties.

2. SAME—*principal may bring assumpsit against bank for proceeds
of draft credited to agent by mistake.*   Where, by mistake in the direc-
tions of the drawer, a bank credits the proceeds of the draft to an
agent instead of to the principal and applies the same on a debt
owing it by the agent, upon its refusal to pay the proceeds of the
draft to the principal on demand the latter may maintain assump-
sit for money had and received.

3. BANKS—*effect of unauthorized direction as to crediting proceeds of
draft.*   The fact that a commission merchant, without authority,
directs a bank to credit the proceeds of his draft to the agent of
the shipper instead of to the shipper, which the bank does by
applying the proceeds on a debt owing it by such agent, does not
establish the right of the bank to the money as against the shipper.

4. APPEALS AND ERRORS—*Appellate Court's judgment settles facts in
suits at law.*   In an action of assumpsit to recover money claimed

to have been paid defendant by mistake, the questions whether the money belonged to plaintiff, whether it was sent to defendant by mistake and whether there was a demand and refusal before suit, are finally settled by the judgment of the Appellate Court.

*First Nat. Bank* v. *Gatton*, 71 Ill. App. 323, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

This was an action of assumpsit, brought to the January term, 1897, of the circuit court of Sangamon county, by Georgetta E. Gatton, the appellee, against the First National Bank of Springfield, Illinois, the appellant, to recover the sum of $862.28, proceeds of the sale of a carload of cattle shipped by J. N. Gatton, as the agent of his wife, to the Stockmen's Live Stock Company of Chicago, and which money the Stockmen's Live Stock Company sent by mistake to appellant, without any authority of Mrs. Gatton, to be placed to the credit of J. N. Gatton, her husband. Appellant applied part of the money on an old indebtedness held by it against J. N. Gatton, and the balance was applied on an indebtedness due appellant from J. N. Gatton and one Knox. As soon as it was found that the money of appellee had been sent to appellant, the First National Bank, appellee made a demand for the money, but payment was refused and appellee brought this action. The case was tried before a jury, and a verdict was returned in favor of appellee, against appellant, for the amount claimed, with six per cent interest from the date of the demand. Judgment was entered upon the verdict, and the case was appealed to the Appellate Court for the Third District, where the judgment was affirmed. A petition was filed by appellant praying for a certificate of importance, which was granted, and the case was appealed to this court, and appellant asks for a reversal of the judgment of the Appellate Court.

PALMER, SHUTT, HAMILL & LESTER, for appellant.

CONNOLLY, MATHER & SNIGG, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is insisted on the part of appellant that assumpsit for money had and received will not lie in this case under the facts shown in the record, because there was no privity between Georgetta E. Gatton, the appellee, and the First National Bank of Springfield, Illinois, the appellant. The action of assumpsit was said by Lord Mansfield, in the case of *Moses* v. *McFarland*, 2 Burrow, 1012, to be an equitable action, in which the plaintiff could recover from the defendant so much money as he could show the defendant, *ex æquo et bono*, ought not to retain. This doctrine was recognized by this court in *Taylor* v. *Taylor*, 20 Ill. 650, as follows (p. 653): "It is the well recognized doctrine that the action for money had and received may be maintained whenever the defendant has obtained money of the plaintiff which, in equity and conscience, he has no right to retain. * * * When money has been thus received the law implies a promise to pay, notwithstanding there was no privity between the parties,"—citing *Hall* v. *Marston*, 17 Mass. 578, and 1 Chitty's Pl. 387. In *Belden* v. *Perkins*, 78 Ill. 449, we said: "In an action of assumpsit for money had and received, the main inquiry is whether the defendant holds money which, *ex æquo et bono*, belongs to the plaintiff." (*Barnes* v. *Johnson*, 84 Ill. 95; *Wilson* v. *Turner*, 164 id. 398; *Laflin* v. *Howe*, 112 id. 253; *Lewis* v. *Harsh*, 54 id. 383.) The evidence shows, in the case at bar, that the money was paid appellant on a mistake of facts; that the money belonged to appellee, and not to J. N. Gatton, appellee's husband. This makes it inequitable that appellant should retain it and apply it upon an old indebtedness of the husband to appellant. Appellant was notified of the mistake, but refused to pay the money to appellee on demand made by her. Under

such circumstances it is well settled by the foregoing authorities that the action of assumpsit for money had and received will lie.    *Allen* v. *Stenger,* 74 Ill. 119; *Newcomb* v. *Launtz,* 89 id. 144.

We shall not enter upon a discussion of the questions of fact involved in this case, as those questions were settled adversely to the appellant by the judgment of the Appellate Court, and under the statute that judgment is conclusive.    Among the facts settled may be mentioned the following:    That the money in question belonged to plaintiff; that it was sent to defendant by mistake; that payment was demanded and refused before action was brought.

Appellant, however, claims that the first instruction given on the part of appellee is an abstract proposition of law, and tended to mislead the jury.    While it is true the first part of the instruction announces a proposition of law, in the latter part of the instruction the law is applied to the facts as claimed by appellee.    This instruction is sustained as to the proposition of law announced, in the case of *Brownell* v. *Dixon,* 37 Ill. 197, and we do not think it could have misled the jury

The second and third instructions given for plaintiff are criticised, but we see no substantial objections to them.

It is also claimed that the court erred in refusing one of the appellant's instructions.    This instruction in substance directed the jury that if they found, from the evidence, that the commission merchant sent the draft to defendant with instructions to apply it to the credit of J. N. Gatton, and that Gatton was indebted to defendant, and defendant applied the draft as instructed, then defendant was not liable.    It is manifest that this instruction was properly refused.    If the commission merchant had no authority to transmit the draft to defendant, and it was sent by mistake, the defendant acquired no right or title to the draft or the money.    The mere fact that defendant received the draft and applied it to the debt

of J. N. Gatton gave it no right to hold the money from the person to whom the jury and Appellate Court found it rightfully belonged.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*