# IN THE MATTER OF THE ESTATE OF A. B. SCRIMGEOUR, DECEASED.

## APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 3, 1905.        DECIDED NOVEMBER 6, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

Proceeds of insurance policies payable to the legal heirs of an intestate, although collected by the administrator, are not assets of the estate of the deceased and should be paid by the administrator to the legal heirs of the intestate.

### OPINION OF THE COURT BY WILDER, J.

This is an appeal from an order of a circuit judge directing the administrator to pay to the heirs of A. B. Scrimgeour the proceeds of certain insurance policies collected by the administrator from the insurance company. The policies were issued by the Western Mason's Life Insurance Company and were payable to the intestate's "legal heirs." Upon the appointment of the administrator he found the policies among the papers of the deceased, and, believing that he had a right as administrator to the proceeds of the policies, forwarded the necessary proofs of death and collected the proceeds. This money he has never paid out. About a year afterwards the heirs of the intestate demanded from him the proceeds of the policies, which demand was refused. It does not appear that the heirs knew or had an opportunity to know anything about these policies until long after the administrator had collected the proceeds thereof. Upon the hearing of the administrator's final accounts, it appeared that the estate was insolvent, and it was agreed by

all concerned, the heirs, the creditors and the administrator, that the circuit judge should decide whether the proceeds of the policies should be paid to the heirs or retained by the administrator for the benefit of the creditors, objections to jurisdiction being waived, and the parties reserving the right of appeal.

These policies were payable to the "legal heirs" and should have been paid to them by the insurance company. It is not contended by counsel for the administrator and creditors that the administrator had a legal right to collect the proceeds of the policies, but their contention is that the money, having been collected by the administrator in his official capacity and in good faith and under a claim of right for the estate, became an asset of the estate and should go to the creditors. This is on the theory that, if a debtor pays a wrongful claimant under an honest mistake of law, the rightful claimant cannot recover from the wrongful one in the absence of fraud or privity between them.

The right of the heirs to this fund is not as distributees or legatees but is derived entirely from the contract expressed in the policies. Their claim now is that the administrator is liable to them as for money had and received.

An action for money had and received may in general be maintained whenever the defendant has received money which is the property of the plaintiff and which the defendant is obliged by justice and equity to refund. *Payne v. U. S.,* 93 U. S. 642; *McDonald v. Met. Life Ins. Co.,* 68 N. H. 4; *Lockwood v. Kelsen,* 41 N. H. 185. Counsel for the administrator claim that this action will not lie where there is no privity between the parties and cite in support of their contention, *Schultz v. Boyd,* 152 Ind. 166, and cases therein referred to.

But, in our opinion, there need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money which he has no right conscientiously to retain.

In *Finch v. Park,* 12 S. Dak. 63, it was said: "Here is money in the hands of one person to which another is equitably entitled, and it may be recovered in an action upon the implied

promise arising from the duty of the person in possession to pay it over to the person entitled. No privity of contract between the parties is required, except that which results from the circumstances."

*Soderberg v. King County,* 15 Wash. 194, was a case where money which belonged to plaintiff's assignors was without their knowledge paid to defendant under the mistaken belief that defendant was entitled thereto. The court said: "It is not pretended that the respondent has any valid or legal right to the moneys in controversy. It received the moneys of plaintiff's assignors without right or consideration, and it would be inequitable for it to retain the sums so received. Under such circumstances the law implies a promise of restitution for the benefit of the rightful owner."

In *Brand v. William,* 29 Minn. 238, it was said: "An action for money had and received can be maintained whenever one man has received or obtained possession of the money of another, which he ought in equity and good conscience to pay over. This proposition is elementary. There need be no privity between the parties or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise. When the fact is proved that he has the money, if he cannot show a legal or equitable ground for retaining it, the law creates the privity and the promise. * * It is not necessary that the defendant should have accepted the money under an agreement to hold it for the benefit of the plaintiff or that the party from whom he received it intended it for the plaintiff's benefit."

In *Allen v. Stenger,* 74 Ill. 119, it was said: "Assumpsit always lies to recover money due on simple contract. And this kind of equitable action to recover back money which ought not in justice to be kept is very beneficial, and, therefore, much encouraged. It lies only for money which, *ex aequo et bono,* the defendant ought to refund. Chit. Contr. 474. When, there-

fore, according to this rule, one person obtains the money of another, which it is inequitable or unjust for him to retain, the person entitled to it may maintain an action for money had and received for its recovery. And it is not necessary that there should be an express promise, as the law implies a promise. The scope of the action has been enlarged until it embraces a great variety of cases, the usual test being, does the money, in justice, belong to the plaintiff, and has the defendant received the money, and should he in justice and right return it to plain-tiff? These facts create a privity and the law implies the promise to pay."

In the case at bar the administrator still has the specific fund collected from the insurance company, and  the question is, whether he shall pay it to the heirs, the persons to whom it belongs, or to the creditors, the persons to whom it does not belong. It is difficult to see how the administrator can by any action of his make assets out of that which in law does not constitute assets. When the facts of this case are tested by the rules above referred to, the result is that the administrator has possession of money which he has no right in justice and equity to retain and which should be paid over to the persons entitled thereto, namely, the heirs. The fact that the heirs might have had an action against the insurance company is immaterial. See *Brand v. William,* 29 Minn. 238.

The order appealed from is affirmed.

*Ballou & Marx* and *Cecil Brown* for the administrator and creditors.

*Smith & Lewis* for the heirs.