Ervilla M. Twaits, Defendant in Error, v. Willy H. Lau Company, Plaintiff in Error.

Gen. No. 17,651.

1. CHATTEL MORTGAGES—*sale of mortgaged property.* Where personal property has been mortgaged by a man to his wife, and is thereafter sold by the former, the latter may recover from the buyer either on the principle that her husband was acting as her agent and with her consent, or on the principle of a suit for money had and received.

2. CHATTEL MORTGAGES—*possession after default.* As between a mortgagee and a mortgagor of chattels, or a purchaser from the latter, possession need not be taken upon default, and a purchaser from the mortgagor, before condition broken, is in no better position in relation to it than the mortgagor.

Error to the Municipal Court of Chicago; the HON. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 23, 1912.

GREGORY, POPPENHUSEN & McNAB, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Ervilla M. Twaits, defendant in error, wife of Daniel H. Twaits, sued the plaintiff in error to recover the purchase price of sundry gas and electric lighting fixtures and miscellaneous parts thereof, and upon a trial before the court without a jury recovered a judgment for $115.23. Plaintiff in error seeks to reverse the judgment upon the ground, first, that plaintiff failed to establish her right to maintain this action; second, that no sale was established by a preponderance of the evidence; and third, that the court erred in certain rulings regarding the admission and exclusion of evidence.

It appears that prior to the transaction in question Daniel H. Twaits mortgaged the property to his wife for money loaned. Several months after the alleged sale, the purchase price not having been paid, Mrs. Twaits called on Willy Lau, the president of the defendant corporation, presented him with a bill for the price of the articles claimed to have been sold by her husband, and requested payment. He replied that he had sold some of the goods, and would return the rest if she wanted them. She then brought suit for the purchase price. We think she had the right to maintain this suit, either on the principle that her husband was acting as her agent and with her consent, as held in Bank v. Raymond, 57 N. H. 144, or on the principle of a suit for money had and received, as held in Allen v. Stenger, 74 Ill. 119; Chittenden v. Pratt, 89 Cal. 178, and Nugent v. McNeil Shoe Co., 62 N. J. Eq. 583. It has been held that as between a mortgagee and a mortgagor of chattels, or a purchaser from the latter, possession need not be taken upon default (Sondheimer v. Graeser, 172 Ill. 293), and that a purchaser from a mortgagor before condition broken, takes the property subject to the mortgage, and is in no better position in relation to it than the mortgagor. Arnold v. Stock, 81 Ill. 407. No question is raised as to

the validity of the mortgage in other respects, and it appeared that it was duly acknowledged and recorded prior to the sale in question. We think there was no error in admitting the mortgage in evidence. Nor was it error for the court to refuse to allow defendant to show that it had always been ready and willing to turn over the goods, or what was left of them, to the original owner for the reason that, in our opinion, the conclusion of the trial court that a sale had been made, as claimed by the plaintiff, was in accordance with the preponderance of the evidence.

The judgment of the municipal court will be affirmed.

*Affirmed.*