John D. Hayes, Plaintiff in Error, v. Arthur H. Page and Miles S. Macon, partners as The Page Manufacturing Company, Defendants in Error.

### Gen. No. 17,605.

1. MUNICIPAL COURTS—*sufficiency of statement.* Neither the Municipal Court Act nor the rules of court require more than that a simple statement of plaintiff's right of action be made, and it is not required that evidentiary facts be pleaded.

2. MUNICIPAL COURTS—*statement of claim of fraud.* A statement of claim in the Municipal Court of Chicago, setting out in detail that plaintiff by contract was given exclusive sale rights in a certain territory of a device to be attached to cash registers, that he advanced a certain sum on the purchase of a number of the machines upon the false and fraudulent representation that the device would fit all cash registers, when in fact it would fit but a few, whereby plaintiff was unable to sell machines which were delivered to him, that the defendant agreed to a rescission of the contract, but would not return the money although the return of the ma-

chines was offered, is sufficient, and if the suit had been brought in another court of record, the amount would be recoverable under the money counts of a common-law declaration.

3. ACTIONS—*what facts constitute a cause of action.* Facts constituting a cause of action are those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of such facts.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed December 3, 1912.

THOMAS J. YOUNG, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

The one question of law involved is certified in the "statement of facts" to be: "Does the More Specific Statement of Claim upon its face, state such a case as would be sufficient in law to enable the plaintiff to recover from the defendants? Which question of law was decided by the court adversely to the plaintiff." The statement of claim is as follows:

"John D. Hayes, being first duly sworn, on oath states that he is the plaintiff in the above entitled cause; that his claim is for the sum of $475, cash advanced to the defendants by the plaintiff, on or about the 20th day of December, A. D. 1910, in pursuance of the terms of a written contract entered into between the plaintiff and defendants on the same day, in and by the terms of which contract the plaintiff was given the exclusive right and privilege to sell and handle a certain device called The Page Trade Increaser to be attached and operated upon and in connection with Cash Registers, said exclusive right and privilege to embrace all the territory known as the County of Cook in the State of Illinois and to be for a period of 60 days from the date of said contract; and also in and by the terms of said contract the plaintiff was to advance to the defendants the sum of $500 to be applied as a part pay-

ment upon 200 of said machines or devices at the rate of $12.50 each, said machines to be purchased within a period of 30 days; that in and by the terms of said contract the party of the first part warranted and guaranteed said machines to be in perfect working order and to remain so for a period of one year; that the plaintiff was led and induced to sign said contract and to advance said sum of $500 by certain false and fraudulent representations made by the defendant Arthur H. Page, to the plaintiff, before the execution of said contract, to the effect that the said machines would fit and operate upon and work in connection with all Cash Registers in use in the city of Chicago and county of Cook, with the exception of Cash Registers worked by electricity, and could be attached and operated upon such Cash Registers without mutilation or injury to the Cash Register; which representation was false and fraudulently made by said defendant to the plaintiff, whereby the plaintiff was led and induced to sign said contract and did advance said sum of $500; that defendants afterwards delivered to the plaintiff 30 of said devices, and that the plaintiff tried to sell the same in the territory granted to him in and by the terms of said contract; but that plaintiff was unable to sell said devices for the reason that said devices would not fit and operate upon Cash Registers as represented by the said defendant Page, but would only fit and operate upon one certain type of Cash Registers, which type of Cash Registers represents a very small and insignificant percentage of the Cash Registers in use in the City of Chicago and County of Cook, to-wit: about ten per cent., and because of said defective working order of said device the plaintiff was unable to successfully place and sell said devices upon the market in the territory granted him; that the plaintiff was only able to sell two of said machines, and did sell two of said machines to owners of the last named type of Cash Registers, leaving 28 of said machines on the hands of the plaintiff, which devices, because of the fact that they would not fit and operate upon the Cash Registers in general use in said territory, could not be sold or disposed of by the plaintiff, without great loss

to himself; that because of said false representations and other false representations on the part of said defendant, whereby the plaintiff was so misled to enter into said contract, and because of the violation by the defendant of his said contract wherein the defendant warranted and guaranteed the said device to be in perfect working order, the plaintiff, on, to-wit, the 25th day of January notified the defendant, Arthur H. Page, one of the partners of The Page Manufacturing Company, that he intended to and would then rescind said contract, and the said Arthur H. Page then and there agreed to the same, and the said plaintiff then and there demanded of the said defendant the return of the money paid by the plaintiff on said contract less the sum of $25 being the price of the said two machines sold by the plaintiff, and offered to return to the defendants all the remaining devices or machines then remaining unsold on the plaintiff's hands; and thereafter, to-wit, on the 10th day of February, A. D. 1911, this plaintiff caused to be served upon the defendants, Arthur H. Page and Miles S. Macon, a written notice or demand, wherein the plaintiff demanded of the defendants the sum of $475 and offered to return to the defendants all machines then on his hands unsold, which demand and offer was refused by the defendants; and the plaintiff is now and will at all times hereafter be ready and willing to return said machines to the defendants and hereby tenders the same to the defendants in this court.''

This statement of facts was stricken from the files and the suit dismissed at plaintiff's cost.

We think the question as to the sufficiency of the statement should be answered in the affirmative. We agree with the plaintiff in error that if the suit had been brought in one of the other courts of record of the state the amount would be recoverable under the money counts of a common law declaration. In the case of First Nat. Bank of Springfield v. Gatton, 172 Ill. 625, it was held that *assumpsit* for money had and received may be maintained whenever the defendant has obtained money belonging to the plaintiff which in

equity and good conscience he has no right to retain, as in such case the law implies a promise to pay. If the more specific statement is to be criticised in any way, it is that it contains more than is necessary rather than less.

The purpose of the Municipal Court Act, so far as practice and procedure are concerned, is to simplify them and not to make them more complex. Neither the statute nor the rules of court require more than that a simple statement of plaintiff's right of action be made. It is not necessary that evidentiary facts be pleaded, as too frequently appears to have been required in cases that have come before us. Facts constituting a cause of action are those facts which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of such facts. Bouvier's Law Dictionary 749.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*