### JOHN RIPA and Others v. JOHN D. HOGAN and Others.[1]

December 18, 1914.

Nos. 18,834—(97).

**Money had and received — findings.**

    In this action for money had and received the evidence sustains the findings.

Action in the district court for Hennepin county to recover $667.29 for money had and received. The answer was a general denial. The case was tried before Booth, J., who made findings and ordered judgment in favor of plaintiffs for $513.84. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Mansfield & Jones,* for appellants.

*Keith, Evans, Thompson & Fairchild,* for respondents.

HOLT, J.

In this action, for money had and received, findings were made in favor of plaintiffs and defendants appeal from the order denying a new trial.

The sole question which may be considered under the assignments of error is the sufficiency of the evidence to sustain the findings of fact. The following facts were either undisputed or else there was

1 Reported in 150 N. W. 167.

evidence justifying the court in considering them established: The defendants were partners dealing in real estate both on their own account and as agents, having an office at Aberdeen, South Dakota. In May, 1908, plaintiffs came from their homes in Nebraska, looking for land investments near Aberdeen. They met defendants and negotiations resulted in a sale of half a section of land in McPherson county, South Dakota, to plaintiffs. One of the plaintiffs received a deed of 160 acres thereof, and the others took each 80 acres. Parts of the half section were under cultivation, and there was a tenant on the land who had a lease for the cropping seasons of 1908 and 1909 under which a share of the crops was reserved in lieu of rent. Plaintiffs agreed to be partners in respect to the rent or income from the half section, and defendants agreed to act as their agents in disposing of plaintiffs' share of the crops for 1908 and to transmit the proceeds to them. They did so. In the spring of 1909 the tenant moved away, and defendants found one Scully with whom they executed a cropping contract for that season, signing it as agents for plaintiffs. Under this contract the title to the whole crop remained in the landowners until divided. Scully was to furnish the seed, plant, cultivate, harvest and thresh the crop, and deliver the landowners' share at the elevator. Upon division one-third was to be retained by plaintiffs, and Scully was to receive two-thirds. After seeding and before harvest Scully, who also cultivated other land bought from defendants on contract, left the country because of some trouble. He had given a banker of Leola security on his share of the crop on the lands farmed by him and a partner. This partner's interest does not seem to bear on the determination of this case. When Scully left, defendants arranged with the banker mentioned to procure some one to harvest and market the crop and attend to the distribution of the proceeds to the proper parties. Plaintiffs testified that defendants had agreed in the fall of 1909 to thresh and market the crop, collect the money for plaintiffs' share thereof and send it to them. On October 21, 1909, when the banker had received the returns from the lands which Scully and his partner had seeded, he transmitted to defendants a draft for $667.29. This he stated to be the landowners'

share of the crop raised on plaintiffs' half section during the cropping season of 1909. There was also evidence tending to show that the yield on plaintiffs' land was such that the one-third thereof would exceed the sum mentioned, being well within the amount which the court found that defendants had received.

Complaint is made of the finding that defendants were plaintiffs' agent, on the ground that there was no such issue. The fact of agency was not the ultimate fact necessary to plead in this case, for it makes no difference in what capacity the money was had and received so long as it belonged to plaintiffs. Brand v. Williams, 29 Minn. 238, 13 N. W. 42. But, whether agency was pleaded or not, the court had the right to ascertain the relation in which defendants stood to plaintiffs when it was shown that the proceeds of the crop from plaintiffs' land were traced into defendants' hands. In view of the situation in which the evidence placed defendants, we think it devolved upon them to show how much, if any, of the $667.29 which actually came into their hands did not come from plaintiffs' one-third share of the crop. By the very contract which defendants as agents made, plaintiffs held the legal title to the whole of the crop on the half section until a division thereof. By defendants' procurement the whole crop was sold without division— they, knowing the situation, caused an intermingling of the proceeds. The one with whom defendants arranged to dispose of the crop, and to apportion the proceeds among those entitled thereto, states that the amount which came into defendants' hands was plaintiffs' share. The court did not find that all thereof was plaintiffs', and we fail to discover, upon this record, any justification for defendants' claim that they are the ones aggrieved by the finding.

The judgment is affirmed.