*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0633**

Rum River Timber Harvesting, Inc., et al.,
Appellants,

vs.

Greg Jeddeloh, et al.,
Respondents.

**Filed December 1, 2025**
**Affirmed in part, reversed in part, and remanded**
**Larson, Judge**

Mille Lacs County District Court
File No. 48-CV-24-1226

Jacob P. Petersen, James C. Kovacs, Bassford Remele, PA, Minneapolis, Minnesota (for appellants)

Katherine Fossey, Parker Satrom Law, PA, Cambridge, Minnesota (for respondents)

Considered and decided by Bentley, Presiding Judge; Wheelock, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**LARSON**, Judge

Appellants Rum River Timber Harvesting, Inc. (Rum River), and Amanda Willis and Nathan Willis (the Willises)[1] appeal the district court's decision to grant summary

---

[1] Because the Willises share a surname, when discussed individually we use their first names.

judgment in favor of respondents Susan Jeddeloh and Greg Jeddeloh (the Jeddelohs).[2] Appellants argue the district court erred when it: (1) converted part of the Jeddelohs' motion to dismiss into a motion for summary judgment; (2) granted summary judgment on Rum River's declaratory-judgment and breach-of-contract claims relying on the statute of frauds; (3) granted summary judgment on Rum River's promissory-estoppel claim on the ground that promissory estoppel cannot be used to circumvent the statute of frauds; and (4) granted summary judgment on Rum River's unjust-enrichment claim.

Because we conclude the district court appropriately construed part of the Jeddelohs' motion as a motion for summary judgment, applied the statute of frauds, and granted summary judgment on Rum River's declaratory-judgment, breach-of-contract, and promissory-estoppel claims, we affirm in part. But because there remain genuine issues of material fact regarding Rum River's unjust-enrichment claim, we reverse in part and remand.

**FACTS**

The facts are summarized as follows in the light most favorable to appellants, as the party against whom summary judgment was granted. *See Henson v. Uptown Drink, LLC*, 922 N.W.2d 185, 190 (Minn. 2019) (quotation omitted).

The Jeddelohs are the owners of a residential property in Mille Lacs County, Minnesota (hereinafter, the property). In 2010, the Jeddelohs began renting the property

---

[2] Because the Jeddelohs share a surname, when discussed individually we use their first names.

to their niece, Amanda. Under the rental agreement, Amanda made monthly payments to the Jeddelohs. Following their marriage, Nathan moved onto the property with Amanda.

According to appellants, in December 2014, the Jeddelohs conveyed the property to Rum River pursuant to a contract for deed. The Jeddelohs prepared the contract for deed[3] and presented it to Rum River for signature. Under the terms of the contract for deed, the purchase price for the property was "the remaining balance of the mortgage" and that balance was payable by "taking over monthly payment." The contract for deed dictated that Rum River would pay all taxes and assessments on the property and maintain liability insurance. According to appellants, the Jeddelohs did not sign the contract for deed, but wrote the name "Susan Greg Jeddeloh" in the "SELLER" signature block. Rum River's CEO, Amanda's father Duane Phillips,[4] signed the contract for deed on behalf of Rum River.

In reliance on the contract for deed, Amanda ceased making rental payments, and instead Rum River or Amanda paid the Jeddelohs every month in an amount set by Susan, intended to cover the mortgage, taxes, and insurance for the property. Appellants also performed maintenance and repairs on the property, including replacing appliances, and made improvements to the property.

In June 2024, the Jeddelohs commenced an eviction action against the Willises. In response, appellants filed this action against the Jeddelohs.[5] The complaint alleged four

---

[3] Appellants attached a copy of the purported contract for deed to their complaint.
[4] Phillips is Susan's brother.
[5] The district court stayed the eviction action after this case was filed.

3

claims: (1) declaratory judgment (Rum River); (2) breach of contract (Rum River); (3) promissory estoppel (Rum River); and (4) unjust enrichment (Rum River and the Willises). The Jeddelohs filed a motion to dismiss. Prior to a hearing on the motion, the Jeddelohs requested, and the district court agreed, to convert part of the motion into a motion for summary judgment. Rum River acknowledged that the summary-judgment standard would apply to the claims against it in its response to the Jeddelohs' motion.

Following a hearing, the district court issued an order dismissing appellants' claims. First, the district court granted the Jeddelohs' motion to dismiss the Willises' unjust-enrichment claim for lack of standing. The district court then granted summary judgment in favor of the Jeddelohs on all Rum River's claims. Regarding the declaratory-judgment, breach-of-contract, and promissory-estoppel claims, the district court determined the statute of frauds precluded the enforceability of the contract for deed and, therefore, precluded Rum River's claims. Regarding the unjust-enrichment claim, the district court determined there was no dispute of material fact over whether the Jeddelohs were unjustly enriched by appellants' monthly payments and the improvements made to the property.

Appellants appeal, challenging the district court's summary-judgment decision.[6]

**DECISION**

Appellants broadly challenge two decisions by the district court. First, they dispute the district court's decision to convert the Jeddelohs' motion to dismiss, as it related to

---

[6] Appellants do not challenge the district court's decision to grant the Jeddelohs' motion to dismiss the Willises' unjust-enrichment claim for lack of standing.

Rum River, into a motion for summary judgment prior to discovery. Second, they contest the district court's decision to grant summary judgment. We address each decision in turn.[7]

**I.**

Appellants first argue the district court erred when it converted the Jeddelohs' motion to dismiss for failure to state a claim, *see* Minn. R. Civ. P. 12.02(e), into a motion for summary judgment, *see* Minn. R. Civ. P. 56.01. Under Minn. R. Civ. P. 12.02, when a defendant files a rule 12.02(e) motion and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Minn. R. Civ. P.] 56." *See also Dickhoff ex rel. Dickhoff v. Green*, 836 N.W.2d 321, 328 (Minn. 2013) ("When the parties present matters outside the pleadings and those matters are not excluded by the district court, we treat the court's order as one for summary judgment."). The rule further provides that the district court must give the parties a "reasonable opportunity to present all material made pertinent to" a summary-judgment motion. Minn. R. Civ. P. 12.02.

Here, in deciding the Jeddelohs' motion, the district court considered matters outside appellants' complaint, including affidavits both parties submitted and supporting documents. Furthermore, the district court notified appellants prior to making its decision that it would apply the summary-judgment standard and gave appellants the opportunity to

---

[7] The Jeddelohs did not file a brief in this appeal, and we ordered that the matter proceed pursuant to Minn. R. Civ. App. P. 142.03.

5

submit evidence accordingly. We, therefore, conclude the district court did not err when it converted part of the Jeddelohs' motion into a motion for summary judgment.

## II.

Rum River next challenges the district court's decision to grant summary judgment in the Jeddelohs' favor on all its claims. We review a district court's decision to grant summary judgment de novo. *City of Waconia v. Dock*, 961 N.W.2d 220, 229 (Minn. 2021). As set forth above, when reviewing a summary-judgment decision, "we view the evidence in the light most favorable to the nonmoving party [and] resolve all doubts and factual inferences against the moving part[y]." *Henson*, 922 N.W.2d at 190 (citation omitted).

Summary judgment is properly granted only when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.01; *Hagen v. Steven Scott Mgmt., Inc.*, 963 N.W.2d 164, 172 (Minn. 2021). There is no genuine issue of material fact "if the record as a whole could not lead a rational trier of fact to find for the non-moving party." *Superior Constr. Servs., Inc. v. Belton*, 749 N.W.2d 388, 390 (Minn. App. 2008) (quotation omitted). "[T]he nonmoving party 'must do more than rest on mere averments' to create a genuine issue of material fact that precludes summary judgment." *Hagen*, 963 N.W.2d at 172 (quoting *DLH, Inc. v. Russ*, 566 N.W.2d 60, 70-71 (Minn. 1997)).

The role of the district court when deciding a summary-judgment motion is not "to decide issues of fact but solely to determine whether" genuine factual issues exist. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn. 1981) (citing *Anderson v. Twin City Rapid Transit Co.*, 84 N.W.2d 593, 605 (Minn. 1957)). A district court "must not weigh the evidence on

a motion for summary judgment." *DLH, Inc.*, 566 N.W.2d at 70. However, in determining whether a genuine issue of material fact exists, a district court may "act on its determination that a particular piece of evidence may have no probative value." *Superior Constr. Servs., Inc.*, 749 N.W.2d at 390 (quotation omitted).

With this standard in mind, we address the district court's decision to grant summary judgment on each of Rum River's claims.

### A. Declaratory-Judgment and Breach-of-Contract Claims

Rum River argues that genuine issues of material fact precluded the district court from granting summary judgment on its declaratory-judgment and breach-of-contract claims. Specifically, Rum River argues there is a fundamental dispute of material fact regarding the application of the statute of frauds to the contract for deed.[8]

The statute of frauds provides that a contract for the sale of land "shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the lease or sale is to be made . . . ." Minn. Stat. § 513.05 (2024). Under the statute of frauds, a formal signature is not required if the parties "subscribe" to the document. *See Radke v. Brenon*, 134 N.W.2d 887, 891 (Minn. 1965). But subscription requires evidence that a party *intended* to authenticate the

---

[8] Rum River argues the district court improperly shifted the burden on summary judgment. When a motion for summary judgment is made and supported, the nonmoving party must "present specific facts showing that there is a genuine issue for trial." *DLH, Inc.*, 566 N.W.2d at 69 (citing Minn. R. Civ. P. 56.05). Here, the Jeddelohs' motion for summary judgment was supported by evidence. At this point, the burden appropriately shifted to Rum River to present specific evidence that created a genuine issue of material fact necessitating a trial. *See id.*

document.  *See Greer v. Kooiker*, 253 N.W.2d 133 (Minn. 1977); *SN4, LLC v. Anchor Bank, fsb*, 848 N.W.2d 559, 565 (Minn. App. 2014) (citing *Radke*, 134 N.W.2d at 891), *rev. denied* (Minn. Sept. 16, 2014).

Here, the district court determined that no evidence was produced that created a genuine issue of material fact that the Jeddelohs intended to subscribe to the contract for deed when "Susan Greg Jeddeloh" was written in the "SELLER" signature block.  The district court concluded that, even assuming *one* of the Jeddelohs wrote their names in the signature block, there was no evidence that *both* Susan *and* Greg intended to subscribe to the contract for deed.[9]

Rum River raises two arguments to challenge the district court's summary-judgment decision.  First, Rum River argues that, viewing the facts in the light most favorable the nonmoving party, *see Henson*, 922 N.W.2d at 190, we must infer that the Jeddelohs intended to subscribe to the contract for deed because Rum River presented evidence that the Jeddelohs prepared the contract for deed.  But we rejected this exact argument in *Anchor Bank*.  There, the seller-bank emailed a finalized purchase agreement to the buyers.  *Anchor Bank*, 848 N.W.2d at 563-64.  The buyers hand-signed the purchase agreement; the bank did not.  *Id.* at 564.  On appeal from a summary-judgment decision that the purchase agreement was unenforceable under the statute of frauds, we concluded that merely sending

---

[9] Rum River argues the district court impermissibly weighed evidence and made factual findings to reach its decision regarding subscription.  Reviewing the district court's order, it appears that the district court may have engaged in factfinding, which is impermissible when deciding a summary-judgment motion.  *See DLH, Inc.*, 566 N.W.2d at 70.  But this does not necessitate reversal because, for the reasons set forth below, Rum River failed to produce any evidence that the Jeddelohs intended to subscribe to the contract for deed.

8

the "final" purchase agreement to the buyers was insufficient to prove subscription. *Id.* at 566-67. The same is true here; even assuming the Jeddelohs filled out the document and sent it to Rum River,[10] merely presenting the contract for deed to Rum River is not sufficient to prove subscription.

Second, Rum River argues a genuine issue of material fact exists regarding whether the Jeddelohs intended to subscribe to the contract because they wrote "Susan Greg Jeddeloh" in the "SELLER" signature block. But our caselaw demonstrates that, in order to subscribe to a contract under the statute of frauds, evidence must be submitted to show the subscriber *intended* to authenticate the document. For example, in *Radke*, the defendant did not sign the disputed contract, but his name "was typewritten thereon." 134 N.W.2d at 889. The supreme court concluded the typewritten name was sufficient to satisfy the statute of frauds. *Id.* at 891. But crucial to the analysis was the subscriber's admission that a contract existed and record evidence that the subscriber intended the typewritten name to constitute subscription. *Id.* Here, the complaint, as verified by Phillips's and Amanda's affidavits, *see* Minn. Stat. § 544.15(1) (2024), states only that the Jeddelohs "subscribed" to the contract for deed. But Rum River offered no evidence—in the complaint or otherwise—that subscription was the Jeddelohs' intent.[11] In the absence of any evidence,

---

[10] Before the district court, Susan submitted an affidavit attesting that, prior to this lawsuit, she had never seen the contract for deed. But, on summary judgment, we must take the facts in the light most favorable to appellants. *See Henson*, 922 N.W.2d at 190. Therefore, we assume the Jeddelohs did, in fact, fill out and present the contract for deed to Rum River for signature.

[11] In contrast, the Jeddelohs submitted numerous exhibits, including copies of text messages with appellants, to support their argument that, at all relevant times, they believed they were in a rental agreement with Amanda.

we agree with the district court that there is no genuine issue of material fact regarding the Jeddelohs intent.[12] Accordingly, we affirm the district court's decision to grant summary judgment on Rum River's declaratory-judgment and breach-of-contract claims.

## B. Promissory-Estoppel Claim

Rum River next argues the district court erred when it granted summary judgment on its promissory-estoppel claim. Promissory estoppel is an equitable doctrine that implies "a contract in law where none exists in fact" and requires proof of three elements: (1) a clear and definite promise; (2) reliance by the promisee that the promisor intended to induce; and (3) enforcement of the promise to prevent injustice. *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732 (Minn. 2000). The doctrine is not a substitute for consideration but is grounded in reliance to prevent injustice where the "promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee." *Constructors Supply Co. v. Bostrom Sheet Metal Works, Inc.*, 190 N.W.2d 71, 73 (Minn. 1971) (quotation omitted).

As a general rule, promissory estoppel cannot be used to defeat the statute of frauds. *See Del Hayes & Sons, Inc. v. Mitchell*, 230 N.W.2d 588, 594 (Minn. 1975) (concluding that broadly allowing promissory-estoppel claims to override the statute of frauds "would

---

[12] In addition to the subscription-requirement, to satisfy the statute of frauds there must be a writing containing a statement of the consideration, an adequate description of the parties, an adequate description of the land, and the general terms and conditions of the transaction. *See Bouten v. Richard Miller Homes, Inc.*, 321 N.W.2d 895, 899 (Minn. 1982) (citing *Greer*, 253 N.W.2d at 133). Because the subscription requirement was not satisfied, we need not analyze the other elements. *See Radke*, 134 N.W.2d at 890.

[] render the statute of frauds [meaningless]"). A narrow exception exists "when the promise relied upon is a promise to reduce the contract to writing." *Id.* at 593-94.

Here, the district court determined that Rum River's promissory-estoppel claim failed because the statute of frauds applies, and there is no allegation that the Jeddelohs promised to reduce an oral agreement to writing. For the reasons set forth above, we agree that the statute of frauds applies. And the record amply supports the district court's observation that Rum River never asserted the Jeddelohs promised to reduce any oral agreement to writing. We, therefore, affirm the district court's decision to grant summary judgment on Rum River's promissory-estoppel claim.

### C.     Unjust-Enrichment Claim

Finally, Rum River challenges the district court's decision to grant summary judgment on its unjust-enrichment claim. "Unjust enrichment is an equitable doctrine that allows a plaintiff to recover a benefit conferred upon a defendant when retention of the benefit is not legally justifiable." *Moline Mach., LLC v. City of Duluth*, __ N.W.3d __, 2025 WL 2586120, at *3 (Minn. App. Sept. 8, 2025). The plaintiff must show that the defendant "was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully," or that "it would be morally wrong for one party to enrich himself at the expense of another." *Hepfl v. Meadowcroft*, 9 N.W.3d 567, 572 (Minn. 2024).

Here, the district court based its decision to grant summary judgment on two determinations. First, the district court determined that there was no genuine issue of material fact regarding the monthly payments made to the Jeddelohs because the Jeddelohs "have not done anything morally wrong or unconscionable." Second, the district court

11

determined that there was no genuine issue of material fact regarding the improvements to the property because Amanda made the improvements, and Rum River failed to present any receipts. For the reasons set forth below, we conclude genuine issues of material fact preclude summary judgment on the unjust-enrichment claim.

First, the supreme court recently overturned our prior caselaw regarding what is required to demonstrate a defendant engaged in "morally wrongful conduct or inducement" to sustain an unjust-enrichment claim. *See Hepfl*, 9 N.W.3d at 572 (overruling *Park-Lake Car Wash, Inc. v. Springer*, 394 N.W.2d 505 (Minn. App. 1986)). The supreme court held that unjust enrichment requires courts to "focus[] on the equities of a party's *retention* of a benefit conferred." *Id.* at 573. And, in some cases, a plaintiff might show unjust enrichment "in the absence of any improper conduct at all by the unjustly enriched party." *Id.*

In this case, the only basis upon which the district court granted summary judgment regarding the monthly payments was Rum River's failure to present any evidence that the Jeddelohs engaged in morally wrongful or unconscionable conduct to induce those payments.[13] But following *Hepfl*, that is not the legal standard. And viewing the facts in

---

[13] We further note that in deciding that defendants did not engage in morally wrongful or unconscionable conduct, the district court found "[i]t would not be unjust for the Jeddelohs to retain the benefit of *what they thought were rent payments and legitimately claimed income on for 14 years*." (Emphasis added.) But this is the kind of fact finding that is not appropriate for summary judgment. *See DLH, Inc.*, 566 N.W.2d at 70. The crux of the parties' disagreement is whether the parties thought the payments were going toward rent or the contract for deed. And the unenforceability of the contract for deed does not foreclose that the parties may have *thought* the payments were being made under the terms of the contract for deed. Here, we are presented with competing affidavits regarding the

12

the light most favorable to Rum River, as we must, Rum River submitted evidence into the record that would support the claim that—even though the contract for deed is not enforceable—Rum River believed monthly payments were being made that covered the mortgage, taxes, and insurance in a manner that would result in its purchase of the property. Said another way, Rum River believed the payments being made—including payments that Amanda made directly—would be used to make payments under the contract for deed and contribute to Rum River's equity in the property. And importantly, Rum River did not seek possession of the property as the remedy for the Jeddelohs retaining the monthly payments. Rather, in its complaint, Rum River explicitly sought money damages as the remedy for its unjust-enrichment claim. *See Herlache v. Rucks*, 990 N.W.2d 443, 450 (Minn. 2023) (recognizing that unjust enrichment developed from a common-law cause of action called "money had and received," which "could 'be maintained whenever one [person] has received or obtained the [] money of another, which [they] ought in equity and good conscience to pay over.'" (quoting *Brand & Co. v. Williams*, 13 N.W. 42, 42 (Minn. 1882))). Therefore, a genuine issue of material fact remains as to whether the Jeddelohs were unjustly enriched by the monthly payments where the Jeddelohs retained both ownership of the property, as improved, and all payments made under the contract for deed.

Second, the district court's reason for dismissing the unjust-enrichment claim as it relates to the improvements is similarly unsupported by existing law. With respect to *who*

_____

parties' knowledge and intent. And thus, a genuine issue of material fact remains regarding Rum River's unjust-enrichment claim and the Jeddelohs' retention of monthly payments.

13

made the improvements, we recently concluded in *Warren v. Acova, Inc.*, that "[a] claim for unjust enrichment may be based on an allegation that a third party conferred a benefit upon the defendant when it would be unjust for the defendant to retain the benefit." 21 N.W.3d 218, 243-44 (Minn. App. 2025), *rev. granted* (Minn. July 15, 2025). Thus, it need not be the plaintiff who conferred the benefit. *See id.* Here, Rum River alleges that Amanda (the third party) conferred a benefit to the Jeddelohs (the defendant) in a manner that it would be unjust for the Jeddelohs (the defendant) to retain the benefit. Under *Warren*, these facts are sufficient to sustain the unjust-enrichment claim at the summary-judgment stage.

And with respect to the receipts, we note that neither Rum River nor the Jeddelohs presented any receipts regarding the improvements. Further, while contesting who paid for some of the improvements, Susan admitted in her affidavit that improvements have been made to the property while Amanda has resided there. Thus, taking the facts in the light most favorable to Rum River, issues of material fact remain regarding what improvements were made to the property, who paid for them, in what amount, and whether it would be unjust for the Jeddelohs to be enriched by those improvements.[14]

---

[14] The district court also found that summary judgment was appropriate because the Jeddelohs claimed the improvements were made without their knowledge and consent. However, nothing in our caselaw requires affirmative consent to bring a claim for unjust enrichment. Instead, the district court must "focus[] on the equities of a party's *retention* of a benefit conferred." *See Hepfl*, 9 N.W.3d at 573.

For these reasons, we conclude the district court erred when it granted summary judgment on Rum River's unjust-enrichment claim, and we reverse and remand for further proceedings consistent with this opinion.

**Affirmed in part, reversed in part, and remanded.**