## PETER SEASTRAND v. D. A. FOLEY & COMPANY.[1]

### November 24, 1916.

### Nos. 19,954—(96).

**County ditch — construction of subcontract — extra work.**

1. A subcontract for a county drainage project provided that the contractor should pay the subcontractor for "excavation of extra yardage

[1] Reported in 159 N. W. 1072.

over and above the estimate, required to be done by the engineer, the sum of nine and one-half cents per cubic yard." Other provisions stated that the work should be done according to the plans and specifications on file with the county auditor. *Held* that the extra yardage and work must be limited to such as the engineer might lawfully require under section 5526, G. S. 1913, which section became a part of the subcontract.

**Same — application of excess payment by county.**
2. The county, recognizing the necessity and value of the extra work, paid the contractor thereon not only the 10 per cent permitted by the section cited, but $600 in addition, although the county auditor had not consented to any part thereof being ordered by the engineer. The contractor claimed that the extra work was done without its knowledge or consent. It is *held*, that all the money paid by the county should in justice be applied upon the large amount of extra work which the subcontractor performed, and no part thereof should go to the contractor, there not being an amount sufficient to pay the subcontractor the stipulated price for the extra work.

Action in the district court for Aitkin county to recover a balance of $3,069.54 for work on County Ditch No. 21 in that county. The answer alleged that defendant had paid plaintiff for all work done and material furnished by him pursuant to the written contract between them. The case was tried before Stanton, J., who made findings and ordered judgment in favor of plaintiff for $32.52. From an order denying his motion for a new trial, plaintiff appealed. Reversed with directions.

*Wright & Wright,* for appellant.
*Washburn, Bailey & Mitchell,* for respondent.

HOLT, J.

The county of Aitkin let the construction of Drainage Ditch No. 21, with necessary culverts and roadways, to the defendant D. A. Foley & Company, a corporation. Defendant relet the same work to plaintiff at a lower price per yard for the excavation, but at the same price for the other portions of the undertaking. The plans and specifications called for the excavation of 158,545.06 cubic yards. After the work was started the engineer in charge requested plaintiff to make the ditch deeper than called for by the plans and specifications. Plaintiff complied. This necessitated an additional excavation of 53,444.6 cubic yards. The stat-

ute, section 5526, G. S. 1913, permits the engineer in charge, with the consent of the county auditor, to change the plans, provided thereby the whole cost of the work is not increased more than 10 per cent of the total bid. The county paid defendant its original contract price, $25,526.86, and $3,152.93 in addition. Plaintiff seeks to recover for the extra work done at the request of the engineer. The court allowed this to the extent of 10 per cent of the original price agreed to be paid by the county. Plaintiff appeals, claiming that he is entitled to compensation according to his contract for all the work he performed.

Plaintiff's contract provided that he should "excavate and complete according to the plans and specifications on file in the office of the county auditor the certain county ditch (describing it). Also all laterals as shown by the plans on file. The first party (plaintiff) also agrees to furnish all culverts required by said plans and all bridge materials for necessary bridges * * * and complete said work as required by the engineer * * *. The plans and specifications are made a part of this agreement by reference thereto and all work shall be done and completed in accordance with the instructions of the engineer * * *. In consideration for the faithful performance of his part of this contract by the first party the second party (defendant) will pay the sum of nine and three-fourths cents (9 ¾c) per cubic yard for excavation and for excavation of extra yardage over and above the estimate, required to be done by the engineer, the sum of nine and one-half cents per cubic yard."

Plaintiff contends that the contract is explicit and unambiguous upon the proposition that for all work which the engineer directs him to do he is to be paid the specified prices. Defendant, on the other hand, claims that the contract must be so construed that its liability to pay is limited to the work called for by the plans and specifications and that the engineer had no authority to order any additional amount, except under the provision of section 5526, G. S. 1913, which must be read into the contract.

In construing a contract, the situation of the parties and the circumstances surrounding its execution are to be kept in mind. Plaintiff was a subcontractor. The work was public drainage, and the conduct thereof under statutory control. Therefore it must be assumed that the parties hereto contracted so as to conform to the terms of defendant's contract

with the county and the applicable statutory provisions. The engineer in charge was so in charge in virtue of the law, and represented the county. Unless plaintiff's contract unmistakably confers authority upon the engineer to act for defendant in respect to work not included in the plans and specifications, it must be held that his authority was limited to act for the county under the provisions of the statute. When, therefore, plaintiff's contract reads "for excavation of extra yardage over and above the estimate, required to be done by the engineer, the sum of nine and one-half cents per cubic yard," it means such extra yardage as the engineer may legally require plaintiff to excavate. That is, such as he might and could order under the statutes governing drainage work. Although there would be nothing illegal or morally wrong for defendant to contract with plaintiff for more extensive excavations than the plans and specifications and its contract with the county called for, whereby the efficiency of the drainage project was increased, it certainly is unreasonable to believe that it intended to do so. As said in Stein v. McCarthy, 120 Wis. 288, 97 N. W. 912, where the plaintiffs, subcontractors, claimed a different arrangement in respect to part of the work than was specified in the contract between the owner and the main contractor: "Of course, it was competent for the defendant (the contractor) to make an entirely different contract with plaintiffs. But no man of ordinary judgment would be expected to do so under the circumstances stated." So here the contract of plaintiff cannot in reason be held to contemplate the doing of any extra work to be paid for by defendant, except such as defendant might also be paid for by the county under the drainage law.

The county auditor never consented to any change in the plans or specifications; therefore, the extra work done was not such as the engineer could legally require plaintiff to perform. But, this notwithstanding, the county paid defendant $3,152.93 therefor. Defendant expended no time, effort or money, either in procuring the engineer to order the extra work, or in the doing thereof. Indeed, it claims to have had no knowledge thereof until it was done. There is no doubt that plaintiff acted in good faith in following the directions of the engineer, and so did the latter in ordering the change which necessitated the extra work. The testimony is convincing that the extra depth to which the engineer

directed plaintiff to excavate was necessary to properly drain the district involved. In addition to the extra yardage excavated plaintiff built a bridge or double culvert for $400, and did extra road work and clearing, which, at the prices specified in the contract, amounted to $112.44. The county recognized the worth and propriety of the extra work by not only paying the full 10 per cent above the contract price, which the law permits, out of the drainage fund, but took about $600 out of some other available fund so as to pay $3,152.93 in all. It seems but common justice that the whole amount should be applied upon the $5,589.68 extra work which plaintiff performed. All of it was done by him. It being ordered without the auditor's consent, defendant was not entitled to collect one penny therefor. By holding that the whole of the extra payment made by the county should be applied upon the amount due plaintiff for extra work, no injustice is done defendant. Plaintiff on the other hand is still unpaid for $2,436.75 worth of extra yardage excavated, and is without hope of ever getting reimbursed therefor.

Upon the facts found the conclusion of law should be modified so as to allow plaintiff $632.77 and interest, instead of $32.52.

The order is reversed and the cause remanded with directions to modify the conclusion of law in conformity herewith.