## PETER SEASTRAND v. D. A. FOLEY & COMPANY.[1]

March 10, 1922.

No. 22,507.

**Drain—subcontractor may recover from contractor amount paid for extra work.**

1. Defendant had a county ditch contract. Plaintiff was a subcontractor at a figure that left defendant a profit. Plaintiff, on orders from the engineer in charge, performed extra work in an amount in excess of what the law allowed to be charged for extras. The county paid the full amount which the law allowed and plaintiff recovered the whole of this. Most of it was paid by defendant voluntarily. Part was recov-

[1]Reported in 187 N. W. 413

ered in a former action. Thereafter defendant procured the passage of a legislative act authorizing payment for the full amount of the claim for work done and through litigation compelled the county to pay the claim in full. This action is for money had and received to compel defendant to pay plaintiff in full.

### Cost of litigation not to be deducted.

2. Defendant is not entitled to off-set the expense of the former action, even though during its pendency defendant proposed that both parties cease litigation and go to the legislature for relief.

### Manner of distribution.

3. The trial court having deducted from the fund collected from the county the cost of collecting it, the balance should be divided in the proportion in which the whole amount would have been divided, had there been no deduction.

Action in the district court for Aitkin county to recover $2,436.75. The history of the litigation is given at the beginning of the opinion. The case was tried before Wright, J., who made findings and ordered judgment for the amount demanded. Defendant's motion to amend the findings and order for judgment was denied. From an order denying its motion for a new trial, defendant appealed. Modified.

*Washburn, Bailey & Mitchell,* for appellant.

*Wright & Wright,* for respondent.

HALLAM, J.

1. Defendant had a contract with Aitkin county to construct a drainage ditch at 13 cents per cubic yard. Defendant sublet the contract to plaintiff at 9 and ¾ cents per cubic yard, and for extra yardage over the estimate, 9½ cents per yard. The engineer directed plaintiff to perform extra work. Computing the excavation at 9½ cents per yard this amounted to $5,589.68. This work was ordered and done without the knowledge of the county officials or of defendant. It was then discovered that the law forbade the county to pay for extra work more than 10 per cent of the contract price and the amount of extra work done exceeded that percentage. Defendant received from the county for extra work $3,152.93.

In a former action between these parties, plaintiff was held limited in his recovery against defendant to the amount defendant had received from the county, but plaintiff recovered from defendant the full amount defendant had received from the county for extra work, leaving a balance unpaid of $2,436.75.

While that action was pending defendant proposed to plaintiff that they together go to the legislature and ask the passage of an act authorizing payment for the full amount of the extra work done and then ask the county to make payment accordingly. Plaintiff refused and proceeded with his action with the result above stated. Defendant went to the legislature at its session in 1917, and at some expense for attorney's fees procured the passage of the act desired. The county board, on advice that the act was unconstitutional, refused to pay the claim. On appeal the board was reversed and the full amount of the claim for extra work was allowed, namely, $4,307.13. Defendant received this amount and plaintiff then brought this action to recover his proportion of the amount defendant had received. On a former appeal, Seastrand v. D. A. Foley & Co. 144 Minn. 239, 175 N. 'W. 117, it was held that such an action will lie.

2. Defendant now contends that, before plaintiff is entitled to any division of the fund received by defendant, it should be permitted to reimburse itself for the expense incurred by it in defending the original action. The trial court denied defendant this contention. In this we think the court was right. Plaintiff prevailed in the first action and recovered his costs and disbursements. While he failed to recover the full amount of the extra work sued for, we can find no satisfactory basis for holding that the expense of the litigation was an equitable charge against plaintiff.

3. Defendant in its answer claimed that the attorney's fees incurred by defendant securing the passage of the statute and in recovering the money from the county, amounting to $905.62, should be charged to plaintiff's share of the fund recovered from the county. Probably there is no basis for the claim that the whole of this expense should be charged against plaintiff's share. In their brief in this court, this contention is modified and the claim made that this

expense should be paid out of the common fund and the balance divided in the same proportions as it would have been divided had no expenses been incurred. This is the view of the law taken by the trial court. Plaintiff has not appealed and we therefore affirm this conclusion without further discussion.

We find difficulty, however, in approving the mathematical calculation of the trial court. The court held that plaintiff was entitled to 95/130 of the $4,307.13 recovered by defendant under the act of 1917. This was erroneous. Plaintiff was entitled to receive 95/130 of the amount received for extra work. But he had already received about half of the amount due him for the extra excavation. He had received all of the money paid by the county. Defendant had received none. Clearly then plaintiff was not entitled to 95/130 of the balance still unpaid by the county. The proper fraction, as we view the case, was 2436.75/4307.13. From the amount of $4,307.13 recovered by defendant from the county must be deducted, under the ruling of the court, the expense incurred, amounting to $905.62. The balance must be divided by plaintiff and defendant in the same proportion as they would have shared the $4,307.13 if defendant had incurred no expense; that is, plaintiff should have 2436.75/4307.13 of the amount and defendant 1870.38/4307.13 of the amount.

The rule of law applied by the trial court is affirmed and the case is remanded for computation in accordance with this opinion.

So modified.

HOLT, J. (dissenting).

I dissent. The excavation called for by the contract with the county was 158,545.06 cubic yards. The engineer ordered plaintiff, the subcontractor under defendant, to excavate 53,444.6 yards additional; which he did. He sued defendant for this extra excavation at 9½ cents per cubic yard, the contract price; also for $512.44 extra for bridge and roadwork. Although defendant denied all knowledge of and liability for the extra work, it collected from the county $3,152.93 therefor, being the 10 per cent additional to the contract price which the engineer was authorized to order extra under section 5526, G. S. 1913, and $600 which the county took out of some

available fund. We held in Seastrand v. D. A. Foley & Co. 135 Minn. 5, 159 N. W. 1072, that this whole sum so collected by defendant should be turned over to plaintiff, since defendant renounced all connection with and responsibility for that extra work. The result was that by that litigation defendant was freed from any and all obligation to plaintiff upon its paying over to him $3,152.93, the amount it had received from the county as money had and received for his use. Plaintiff was still left unpaid for 25,660 cubic yards of the extra excavation, amounting to $2,437.75 at $9\frac{1}{2}$ cents per yard. He had no legal claim either against defendant or the county. He had, however, a moral claim to be paid. Defendant had no legal or moral claim on account of this extra unpaid work. At this juncture the legislature authorized the county to pay therefor. The county paid to defendant $4,307.13. Defendant was instrumental in securing the legislation, and it is right that it be reimbursed for the legitimate expense thereof, which was $905.62. Deducting this sum leaves $3,401.51 for the 25,660 yards of extra excavation which plaintiff had not been paid for. No doubt the legislature intended to give the one who did the work compensation therefor, and did not mean to bestow a gratuity on one who had denied all responsibility for it. Giving plaintiff his contract price of $9\frac{1}{2}$ cents per yard, or $2,437.75, still leaves defendant $65.66 over and above the profit of $3\frac{1}{2}$ cents per yard which it would have received had its contract with the county embraced this unpaid excavation work. I think that is all defendant in equity and good conscience should be allowed to retain.

Viewing the situation from another angle we may arrive at the same result. The money was appropriated so that the one who did the work should be paid. The size of the appropriation indicates that it was the intention that he should be paid the full contract price. This was $9\frac{1}{2}$ cents per yard which defendant had agreed to pay plaintiff for extra excavation. At this rate there was due him $2,437.75. . He has long ago paid his men who did the work and is out the interest. But let him have that sum, it would be the amount defendant should have paid had it, instead of the engineer, ordered plaintiff to do this extra work. Plaintiff should now equitably be

entitled to that sum out of what defendant has received for his use. To the balance he has no claim. Defendant is entitled to retain it, even if there had been no expense connected with the legislation which authorized the payment. I think the learned trial court arrived at the right conclusion. Defendant receives enough profit out of work it entirely repudiated and denied connection with.