## JOSEPH FALTIS v. EDWARD F. BERKNER.[1]

May 11, 1923.

No. 23,402.

No variance between pleading and proof.

    1. To a complaint for money had and received, containing an allegation that defendant is justly indebted to plaintiff in a sum certain, the answer, in addition to a general denial, averred that the money was received and paid out pursuant to a contract for the purchase of a farm. It is *held* that, under the issues so made, defendant was not prejudiced by proving the whole transaction, including an agreement between plaintiff and defendant under which plaintiff was entitled to recover the sum claimed, and, if necessary, the pleadings could be amended to conform to the findings.

Decision sustained on equitable principles.

    2. The judgment ordered may also be sustained on the ground that defendant had not secured to plaintiff that which he should have had before, or at the time, defendant authorized the money paid by plaintiff to be turned over to the vendors of the farm.

Action in the district court for Brown county to recover $13,000 with interest. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings, dismissing the action as to defendant Kate Berkner, and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant Edward F. Berkner appealed. Affirmed.

*Somsen, Dempsey & Flor*, for appellant.

*Mueller & Streissguth*, for respondent.

HOLT, J.

Plaintiff sued for money had and received. The complaint also contained an allegation that defendant was justly indebted to plaintiff in the sum of $13,000. The answer alleged that plaintiff pur-

[1]Reported in 193 N. W. 457.

chased a 200-acre farm from one J. B. Crandall under certain terms and that the money alleged to have been paid by plaintiff was paid on the purchase of said farm and that the same had been conveyed to him. The evidence disclosed these facts:

Defendant was a real estate broker and banker at Sleepy Eye. In September, 1919, plaintiff, a contractor from Iowa, was by defendant induced to purchase this farm from Crandall because of an agreement with defendant that the latter should have the exclusive sale of the farm for a certain length of time, and if sold plaintiff and defendant would share the profits equally, and if not sold plaintiff had the right to demand that defendant take the farm off his hands and pay plaintiff the money he had invested therein with interest at 6 per cent. This agreement was in writing, duly executed by defendant, and founded upon an adequate consideration. Findings of fact, covering the whole transaction with the farm and the relation between the parties to this lawsuit, were made in plaintiff's favor, and, as conclusions of law, the court directed that, upon plaintiff's conveying what interest he might have acquired in the farm to defendant Edward F. Berkner by a sufficient deed to be delivered to Berkner, or, in case of his refusal to receive it, to be deposited for him with the clerk of the district court, judgment in plaintiff's favor and against defendant Edward F. Berkner be entered for $12,440 with interest and costs. The appeal is from the order denying said defendant a new trial.

In the record is no suggestion that plaintiff is not lawfully entitled to recover the exact amount for which judgment is directed, upon conveying to defendant whatever title he received to this farm. No question can be made but that, under a valid contract, the condition has arisen which obligates Berkner to pay that sum to plaintiff and accept such a conveyance of the farm from him. But the contention is that plaintiff cannot have this relief under the complaint herein—that his only remedy would be an action for specific performance, which this is not. And based on this contention is the error assigned on the reception of the contract referred to as not being material to the issues presented by the pleadings.

Defendant in the answer set forth the transactions in which the money was received by him. He could not therefore be surprised by the reception in evidence of the contract, Exhibit 5, by him given to plaintiff in this farm deal. That contract does not provide for a return of the identical money had and received by defendant from or for plaintiff, but it does provide for a payment or return to plaintiff by defendant of exactly the same amount of money, with interest, that plaintiff might pay out in the deal, on the happening of a certain event. Hence that contract with proof that the event had happened on which plaintiff became entitled to a return of the money, proved the allegation of the complaint that defendant was justly indebted to plaintiff in the sum disbursed by plaintiff in the purchase of the farm. If more were needed, the pleading, in furtherance of justice, can be now amended before entry of judgment to conform with the proof and findings. In other words, had the complaint stated the substance of the findings of fact, there could be no other conclusions of law, so far as appellant is concerned, than those made.

But, even with due regard for the technicalities of pleading, it may be said that there was not such a variance between the complaint and proof that the evidence received should have been rejected. The cause of action for money had and received rests on equitable principles. Brand v. Williams, 29 Minn. 238, 13 N. W. 42; Seastrand v. D. A. Foley & Co. 144 Minn. 239, 175 N. W. 117. The court found that the deed that plaintiff should have had to the farm had never been delivered to him, but had got into Berkner's possession and had been retained by him and not recorded until after this suit was brought. Berkner was not only a broker representing Crandall in the deal, but he was personally interested with plaintiff therein. Plaintiff was not in the state. He sent the money to the bank of which Berkner was a director, and where the papers and documents were under his control. Berkner under the circumstances was in duty bound to see that plaintiff's instructions were in good faith carried out, and that such a deed was delivered as plaintiff's contract of purchase called for. Crandall was the one who had

therein agreed to convey by warranty. The deed left with the bank was from another party from whom Crandall had a contract of purchase. The taxes were not paid as they should have been, and the bank failed to record the deed as instructed. There was evidence that Berkner had held the deed until recorded. There are sufficient facts found to show that Berkner obtained or directed the disbursement of this money of plaintiff's without those things being done which should have preceded or, at least, been performed concurrently with the receipt of the money, so that in justice and good conscience he should now restore it. The subsequent payment of the $1,440 comes under the same principle. It was evidently sent by plaintiff to Berkner without knowledge that the instructions to the bank and the terms of the contract of purchase had not been complied with.

No finding of fact is challenged as being without sufficient support. The ruling on admission of evidence not already alluded to upon which error is assigned, even if wrong, could not possibly affect the decision.

It is true that Exhibit 5, above referred to, was executed by both plaintiff and his wife, and defendant and his wife, but the objection to the reception of the exhibit and the grounds stated in the motion to dismiss, when plaintiff rested, did not suggest variance because of defect of parties. Furthermore, the findings show that plaintiff alone, and not his wife, paid out the money sought to be recovered by this action. Defendant Edward F. Berkner, who alone appeals, does not urge as error that the action as to his wife was dismissed, and he is fully protected in that the court directed that the title which he wrongfully placed in plaintiff and wife should be conveyed to him before judgment is entered.

The order is affirmed.