## ROSE v. CASH.

REPLEVIN.—*Defence.*—*Administrator.*—Where, in an action to replevy personal property, brought against the defendant personally, he claims possession of the same as administrator of the estate of a decedent, it is necessary, to establish such defence, that he show, not merely that he came into lawful possession of the property as such administrator, but also that it is the property of such estate.

SAME.—*Tort.*—Replevin is a mere possessory action, to recover the possession of property of which the plaintiff is deprived by a tort.

SAME.—*Parties.*—Any person having the unlawful possession of personal property belonging to another is the proper party from whom to replevy the same, whether he claims it as owner, agent, administrator, trustee, custodian, or in any other capacity.

SAME.—*Administrator can not Commit a Tort.*—An administrator can not, as such, commit a tort; and any tort committed by him is committed, and renders him liable, individually.

From the Putnam Circuit Court.

*J. J. Smiley* and *W. G. Neff*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.

BIDDLE, C. J.—Replevin by appellant, against the appellee, to recover the possession of a promissory note.

The errors assigned do not present any question on the pleadings. We do not, therefore, state them.

Trial by jury; verdict as follows:

"We, the jury, find for the defendant."

With this general verdict, they answered certain questions, as follows:

"1. Is the note in suit the property of the plaintiff?

"Answer. Yes.

"2. Did the defendant know the plaintiff claimed the note, before he took out letters of administration on the estate of Francis M. Harris, deceased?

"Answer. Yes.

"3. Did the defendant have the possession of the note in suit, at the time of the commencement of this suit?

"Answer. Yes.

"4. Did the plaintiff demand the possession of the note

in suit, from the defendant, before the commencement of. this suit?

"Answer. Yes.

"5. When and from whom did the defendant get the note in suit?

"Answer. January 1st; from G. W. Stewart, after he, Cash, became administrator."

Certain interrogatories, propounded on motion of the appellee, were answered by the jury as follows:

"1. Did the defendant, Warren Cash, get possession of the note in controversy as administrator, with the will annexed, of Francis M. Harris, deceased, together with other papers belonging to said decedent?

"Answer. Yes.

"2. Does he now hold said note and papers as such administrator?

"Answer. Yes."

Upon the return of the verdict, the appellant moved for judgment in her favor upon the special findings of the jury, notwithstanding the general verdict. This motion was overruled, and exception reserved.

She then moved for a new trial; this motion was overruled, and exception reserved.

Amongst the causes assigned for a new trial were, giving improper, and refusing to give proper, instructions to the jury; and, amongst the instructions given by the court to the jury, were the following:

"5. The defendant's plea of property in himself as administrator, and not in his individual right, has the force and effect in this action of placing [pleading] property in a third party; and if the jury believe from the evidence, that Warren Cash obtained the lawful possession of said note, in his trust capacity as administrator of the estate of Francis M. Harris, deceased, as part and parcel of the personal effects of said decedent, and holds the same in said trust capacity, and none other, then the plaintiff is not entitled to recover in this action.

"6. If Francis M. Harris, deceased, in his lifetime, and at his death, had possession of the note in suit, such possession would, *prima facie,* import ownership thereof, and if said note afterward, with the other personal effects of said decedent, passed into the hands of Cash, administrator, without wrong or fraud on his part, then to recover the same from him as such administrator, would require, after demand, an action against him in his trust capacity by the plaintiff, and, under such circumstances, an action against him, in his individual capacity, would not entitle the plaintiff to recover, even after satisfactory proof of ownership in the plaintiff.

"7. If the jury find from the evidence, that the note in controversy was by the defendant found amongst the papers of the deceased, Harris, and that said note came into his possession as administrator, with the will annexed, of said deceased, and that his possession thereof is only by virtue of his trust, and not as an individual, then they must find for the defendant.

"8. If the jury find from the evidence, that the note in controversy was in the possession of Warren Cash, as administrator, with the will annexed, of F. M. Harris, deceased, and not otherwise, then it would not be the possession of such note by the defendant personally, and they must find for the defendant."

The fifth instruction, in this case, given to the jury, is defective in not stating that the jury must also find, that the property was in the estate of the decedent. It is not enough to find that the administrator obtained lawful possession of the note in the capacity of administrator; it must be found also, that the note was of the property of the estate. The administrator would have no property in the note, unless it was the property of the estate; and he might have obtained possession of it lawfully, and yet the note have been the property of the appellant at the time the suit was commenced.

The sixth instruction tells the jury, in effect, that, if the appellee had possession of the note and claimed it as administrator, the appellant could not maintain the suit against him in his individual capacity. This is erroneous. The appellant could not be supposed to know in what capacity the appellee claimed the note. If she was the owner of the note and was entitled to its possession, and he had the possession and unlawfully detained it from her, she could bring her action against him in his individual capacity, and he could defend it in any capacity in which he held it by right. Replevin is a possessory action; and a plaintiff in replevin can not recover, unless he shows the right to possession; hence a plea of property in a third person is a good answer. The defendant may say to the plaintiff, "true, it is not my property, but it is the property of a third person, therefore you are not entitled to the possession of it;" and this will defeat the plaintiff. Whoever has the possession of the property to be replevied, and unlawfully detains it, is the proper person to be sued, whether he claims it as owner, agent, administrator, trustee, custodian, or in any other capacity.

Replevin is an action of tort. An administrator can not commit a tort, as an administrator; if he commits a tort, he commits it as an individual, and is liable as an individual.

The seventh and eighth instructions have the same defects as the fifth and sixth, and are erroneous for the same reasons.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.