## W. H. Whitaker, Appellee, v. Charles Shuman, Appellant.

1. DOWER—*who entitled to rents after death of doweress.* After the death of one having a dower interest in land the rents accruing therefrom become the property of the owner of the fee.

2. EXECUTORS AND ADMINISTRATORS—*when liable in assumpsit.* If an executor collect and receipt for rent as such, which rent was not the property of his testator, he is liable in *assumpsit* to the true owner of such rent.

Assumpsit. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

R. M. PEADRO, for appellant.

E. E. WRIGHT, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* which was tried before the court without a jury. The court found the issues for the plaintiff, assessed his damages at $267.50 and costs, and rendered judgment therefor.

Prior to her death on July 2, 1909, Sue. M. Patterson, who as doweress was enjoying the income from a tract of land, leased a part of the same to W. D. Patterson for the term of one year from March 1, 1909, for $500, for which sum he gave her his note. She

leased other portions to one Monroe and one Vaughn for one-half the crops raised thereon. Said note and the proceeds of said one-half of the crops were collected by appellant Shuman, who had qualified as the executor of the will of Mrs. Patterson, and were by him received and treated as a part of the personal estate in his hands as such executor. Appellee, Whitaker, who was the owner of an undivided two-fifths of the lands in question, subject to the life estate of Mrs. Patterson, then brought this suit to recover two-fifths of the proceeds of the rent.

It is claimed by appellant that inasmuch as he collected and receipted for the rents in his capacity as executor, and claimed the same as assets of the estate, the only remedy available to appellee was either by replevin against the executor as such, or by obtaining an order of the Probate Court requiring such executor to turn over the rents to him. Under the provisions of section 35, chapter 80, of the Revised Statutes, appellee was clearly entitled to two-fifths of the rents in question. At the time of the death of Mrs. Patterson no rent was due. Rents thereafter becoming due became the property of the owners of the fee.

Her estate had no interest in them and her executor had no right to collect the same. The fact that appellant assumed to collect the rents as executor and charged himself therewith as such, could not in any way affect the rights of appellee. Haynes v. McDonald, 158 Ill. App. 294.

There was no error in the rulings of the court upon the propositions of law. The judgment of the Circuit Court is affirmed.

*Affirmed.*