Havill v. Newton, 202 Ill. App. 15.

raise the point that the order is too sweeping in its effect on the rights of the principal defendant, where it appears from the bill that there can be no disturbance of possessory rights until discovery, which is prayed for, is had, since such an appeal raises only questions of possessory rights.

## Theresa E. Havill, Defendant in Error, v. Charles A. Newton, Executor, Plaintiff in Error.

### Gen. No. 21,697.

EXECUTORS AND ADMINISTRATORS—*how executor liable for conversion.* The representative of a decedent who takes property not belonging to the estate and appropriates it as an asset thereof commits a tort for which he is liable personally, and not as executor.

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916. Rehearing denied November 28, 1916.

MCCULLOCH & MCCULLOCH, ALBERT E. ICELY and WALTER E. MOSS, for plaintiff in error; RICHARD S. FOLSOM and EMERY S. WALKER, of counsel.

TIMOTHY J. FELL, for defendant in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

This writ of error brings up for review a judgment entered in favor of defendant in error (plaintiff below), who is the widow of George B. Havill, deceased, against plaintiff in error (defendant below), as executor of the estate of the said George B. Havill, for the alleged conversion of certain notes.

Said notes were made payable to the makers, and by them indorsed in blank. After their execution by the makers thereof, they were delivered to the said George

B. Havill, and by him placed in his safe deposit box. Subsequently, the said George B. Havill died, following which the executor under his last will and testament (defendant herein) took possession of all papers found in his safe deposit box, including the notes hereinabove referred to; whereupon plaintiff made demand for them as her sole and separate property. Defendant refused to surrender them to the plaintiff, claiming that they belonged to the estate of the deceased, and hence this litigation.

It is contended that defendant was improperly sued as executor, and that the action should have been brought against him in his individual capacity.

The jury, by their verdict,—which is not here questioned—found that the deceased had the possession of the said notes, not as the owner thereof, but as the custodian for the plaintiff, who was the rightful owner thereof. Consequently the notes herein sued for never became a part of the estate of the deceased notwithstanding their appropriation as assets of the estate, by the defendant. Whenever an administrator or executor takes property not belonging to the estate of which he has charge and appropriates it as an asset thereof, he commits a tort, for which he becomes personally liable, whether sued in tort or in contract. This view is supported both by reason and the weight of authority. In 18 Cyc. 884, it is stated:

"If a personal representative takes property not belonging to the estate, he has no right to it in his representative capacity. His refusal to restore it to the rightful owner renders him individually liable, and he cannot be sued in his representative capacity for his individual tort. A personal representative is liable in his individual capacity even though the property has passed from the possession of the decedent into his possession, and according to a number of decisions he may under these circumstances be sued also in his representative capacity."

In *Rose v. Cash,* 58 Ind. 278, where this very question arose, the court held, p. 281:

"The sixth instruction tells the jury, in effect, that, if the appellee had possession of the note and claimed it as administrator, the appellant could not maintain the suit against him in his individual capacity. This is erroneous. The appellant could not be supposed to know in what capacity the appellee claimed the note. If she was the owner of the note and was entitled to its possession, and he had the possession and unlawfully detained it from her, she could bring her action against him in his individual capacity, and he could defend it in any capacity in which he held it by right. * * * Whoever has the possession of the property to be replevied, and unlawfully detains it, is the proper person to be sued, whether he claims it as owner, agent, administrator, trustee, custodian, or in any other capacity.

"Replevin is an action of tort. An administrator cannot commit a tort, as an administrator; if he commits a tort, he commits it as an individual, and is liable as an individual."

To the same effect are: *Herd v. Herd,* 71 Iowa 497; *Rodman v. Rodman,* 54 Ind. 444, and the authorities cited in 18 Cyc. *supra.*

In adopting this view, we are not unmindful of the fact that there are authorities not in entire accord therewith, some of which maintain that an action of this kind may be brought against an administrator or executor in either capacity, while others restrict such right to their representative or trust capacity. Having carefully considered the conflicting authorities on this question, we are of the opinion that the rule enunciated in *Rose v. Cash, supra,* is the correct one, and that the defendant is liable only in his individual capacity.

If it should be said that this subjects an administrator or executor to an unusual hardship, the answer is obvious. The court having jurisdiction and control

over the administration of the estate he represents would, in a proper case and upon a proper showing that the executor acted in good faith, allow him credit for whatever he had been required to pay in an honest effort to protect the interests of the estate committed to his charge.

In this view of the case it becomes unnecessary to consider the several other points raised by the defendant.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*