Clarence P. Corney, Appellant, v. John Corney, Appellee.

Gen. No. 8,099.

14

Opinion filed February 11, 1930.

CHESTER F. BARNETT and RUDEL McKINNEY, for appellant.

ROBERT N. McCORMICK, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.
This suit was instituted by Clarence P. Corney, appellant, in the circuit court of Peoria county, against John Corney, appellee, to recover money in the posses-

sion of appellee which he claimed to hold as administrator of the estate of Eliza Ann Forney, deceased.

The declaration consisted of the common counts, with affidavit of claim. The plea of appellee was *non assumpsit,* with an affidavit of merits.

A jury was waived and at the close of the testimony on the part of the appellant, the court directed a verdict and judgment was rendered against the appellant in bar of the action and for costs of suit. From this judgment appellant has appealed.

The money sought to be recovered in this proceeding is in the possession of appellee, and he claims to hold it as administrator of the estate of Eliza Ann Forney, deceased, the said Eliza Ann Forney having been entitled to the use of the money for her life, and at her death to be distributed among certain persons including appellant under the terms of the last will and testament of Sarah Jane Bale, deceased.

It is insisted by the appellant that his interest in the funds in the hands of Eliza Ann Forney for life, was fixed at the sum of $1,000 by the terms of said will. It is this sum, with interest, from the time it should have been paid to appellant, the suit was brought to recover. It is the contention of the appellee that he had the right, as administrator of the estate of Eliza Ann Forney, to administer the life fund; that appellant had no remedy except to file a claim in the probate court within the year from the granting of letters to appellee, which was not done.

The record discloses that Sarah Jane Bale died testate and that her will was admitted to probate in Peoria county on March 26, 1917. By the terms of said will appellant was devised 80 acres of land and was to pay Eliza Ann Forney, sister of testatrix, $150 per year so long as she should live. Appellant was also to have a gold watch and chain of the testatrix. After the death of said Eliza Ann Forney, appellant was also to have $1,000 in cash, an organ, a dresser, testatrix's

marriage certificate, a china set, and one bed and bedding.

The will further provided that the said Eliza Ann Forney "is to have full possession of all my possessions except the above-described 80 acres of land and gold watch, as long as she lives, and after her death all that remains of my possessions shall be equally divided among all my heirs except the above-mentioned Clarence P. Corney."

Appellant and the said Eliza Ann Forney were appointed executors of said will. The record further shows that notice and hearing on the petition for probate of said will was sent to appellee, together with the other heirs and legatees.

An inventory of the assets of the estate of Sarah Jane Bale was filed by her executors. A final report was made and filed by the executors showing that personal assets in the sum of $2,597.26 were turned over to the said Eliza Ann Forney. The final report was approved and the executors discharged on May 8, 1928.

On the day the final report was approved, and the executors were discharged, Eliza Ann Forney received the sum of $2,597.26 from the estate of Sarah Jane Bale, and issued a receipt to appellant, evidencing that fact. The receipt states that the said sum of $2,597.26 was a part of the corpus of said estate, the income to be used by the said Eliza Ann Forney during her lifetime, the appellant to receive the share to him from said estate at final distribution.

On the day Eliza Ann Forney gave the receipt to appellant, she took out a certificate of deposit of the First Trust and Savings Bank for the amount last above mentioned. Subsequently she placed the sum in the fourth issue of United States Bonds, known as Liberty Bonds. The denominations of the bonds were two $1,000 bonds, one $500 bond and one $100 bond.

Appellant testified that he saw the bonds in the home of Eliza Ann Forney, in the fall of 1918.

Eliza Ann Forney died August 4, 1925. Appellee was appointed administrator of her estate. On September 8, 1925, he filed an inventory showing $4,630 in notes and accounts, in the estate, among which were four United States Liberty Bonds, of the par value of $2,600. On January 4, 1926, the probate court of Peoria county, on petition of appellee, granted leave to him to sell one United States Fourth Liberty Loan Bond at the par value of $100; one United States Fourth Loan Bond at the par value of $500; two United States Fourth Liberty Loan Bonds of the par value of $1,000 each. The report of sale of appellee shows the sale of said bonds for the sum of $2,749.25, on September 29, 1927.

On June 19, 1928, appellee filed the report of account in the probate court, which shows, after making a partial distribution to the next of kin, except appellant, the sum of $1,426.46 still in his possession.

Appellee, in his affidavit of merits, admitted the receipt of $2,600 worth of Liberty Bonds among the assets of the estate of Eliza Ann Forney, but denies any knowledge of the source of the bonds from which they came. The defense is that appellee received the Liberty Bonds and other assets of Eliza Ann Forney in a representative capacity; that he is not liable individually; that appellant is not entitled to recover for the reason that he did not file a claim in the probate court within one year of the grant of letters of administration to appellee.

It is insisted by the appellant that his interest in the estate of Sarah Jane Bale, deceased, passed to him on the death of Eliza Ann Forney without any action on the part of her administrator.

The distribution or delivery of property to a legatee or devisee, who has a life estate therein, inures to the

benefit of the remainderman, and upon the termination of life estate, the title and right of possession vest absolutely in the remainderman without any action on the part of the executor or administrator. *Miller v. Miller,* 232 Ill. App. 86–92.

Property in which a decedent has only a life estate cannot go to his personal representatives as assets. 23 Corpus Juris 1151.

The remainderman of a fund which has passed into the hands of the life tenant's executor is not a creditor of the life tenant's estate within the provisions of the probate law, relating to actions by creditors of deceased persons. *Probate Court v. Williams,* 30 R. I. 144, 19th A. & E. Ann. Cases, 554.

*Miller v. Miller, supra,* is authority for the rule that when the life fund under the will of Sarah Jane Bale was delivered to Eliza Ann Forney, the delivery inured to the benefit of the remainderman, and, upon the termination of the life estate, the title and right of possession vested in the remainderman, without any action on the part of the administrator.

The vesting of an interest devised by will does not depend upon the right to the immediate possession of it, but where the interest is fixed, it may vest though there be no right of present enjoyment. *Wills v. Southwell,* 334 Ill. 448.

The title of Eliza Ann Forney to the corpus was divested immediately upon her death. Neither her representatives nor her heirs had any right, title, claim, interest or demand of any kind or character against it.

Under the language of the will in question, upon the death of Eliza Ann Forney, the only logical conclusion to be reached is that the interest of the appellant, under the provisions of the will, were vested in him and he was entitled to the same without any action on the part of the administrator. The title being so vested, there was no necessity for filing a claim or bringing a

suit to recover the fund in question. Since the devise in question to the legatee was vested, it was not assets of the estate of Eliza Ann Forney.

In *Havill v. Newton,* 202 Ill. App. 15; *Sando v. Smith,* 237 Ill. App. 570, the rule is announced that an administrator is personally liable in an action at law to recover assets which are not any part of the estate which he represents. In *Gillette v. Plimpton,* 253 Ill. 147–152, an administrator collected notes payable to his intestate and another party. The court held that the administrator was personally liable in an action at law by the administrator of the other party for the share of the other party in the proceeds of the notes. In *Havill v. Newton,* 202 Ill. App. 15, plaintiff failed in his action because it was brought against the administrator, as such, involving a recovery of assets which did not belong to the estate. The action should have been against the individual. This case announces the rule that where an administrator is sued in his individual capacity, a judgment recovered against him, the probate court should allow credit in his account for payment, especially where the defense is made in good faith on behalf of the estate, and a proper showing is made to that effect.

The case of *Sando v. Smith,* 237 Ill. App. 570–585, 586, supports the contention of the appellant that it was proper, since the fund involved was not a part of the estate of Eliza Ann Forney, to sue the appellee in his individual capacity.

In *Mills v. Bailey,* 88 Md. 320, it was held that where it is proved that a legatee held the residue of the testator's estate for the benefit of the remainderman, subject to her power to consume and dispose of it, and that the legatee's administrator received an undisposed portion of the residue, it entitles a remainderman to judgment against him in an action for money had and received. The same principle is found in *Gillett v. Hickling,* 16 Ill. App. 392.

It is a well recognized doctrine that the action for money had and received may be maintained whenever the defendant has obtained money of the plaintiff which, in equity and good conscience, he has no right to retain. When money has been thus received, the law implies a promise to pay, notwithstanding there was no privity between the parties. *First Nat. Bank of Springfield v. Gatton,* 172 Ill. 625.

During the trial it appears that appellee objected to certain testimony that was offered on the part of appellant. It is insisted that appellant was disqualified from testifying to conversations with Eliza Ann Forney. We think that appellant was competent to testify, either as to conversations or transactions with Eliza Ann Forney, during her lifetime, that related in any manner to the fund in question. It will be remembered that appellee was not sued and was not defending in a representative capacity.

The case of *Sando v. Smith, supra,* announces the rule that sustains the contention of the appellant, that appellant was a competent witness to testify as to conversations had by him with Eliza Ann Forney and concerning the fund in question, and at pages 585 and 586 the court said, ''Inasmuch as there is to be another trial of this case, we feel that we ought to say that, in our opinion, the plaintiff should be permitted to testify, as she did in the first trial of the case, as to occurrences which are alleged to have happened prior to the death of the deceased. The defendant is properly sued here, not as an administrator, but in his individual capacity. *Havill v. Newton,* 202 Ill. App. 15; *Whitaker v. Shuman,* 161 Ill. App. 568. It is true that he claims the right to retain the money sued for, on the theory that it is a part of the estate of his deceased sister and, therefore, he, himself, will not be permitted to assume an attitude inconsistent with that position. It is for that reason that we have held that he, claiming the right to retain this money as an officer

of the court, will not be permitted to invoke the rule as to voluntary payments in ignorance of legal rights. But when it comes to the rules of evidence to be applied to the plaintiff as to the proof of her case, we must remember that the plaintiff may only recover in this case on the theory that the money she is suing for is not a part of the estate of her deceased sister, and that such being the case, the defendant, in wrongfully retaining it, is liable as an individual. Inasmuch as the plaintiff may recover only on the theory that the money sued for was not a part of her deceased sister's estate, the rules of evidence eliminating the testimony of a plaintiff in a suit against an administrator may not properly be applied here.''

It has already been shown that Eliza Ann Forney received $2,597.26 under the terms of the will of Sarah Jane Bale; that she immediately invested the fund in a certificate of deposit; in the fall of 1918, the fund was changed into U. S. Bonds, known as the Fourth Liberty Bonds, the denominations of which have heretofore been stated. This possession of the life fund in the form of Liberty Bonds in the fall of 1918 is presumed to have continued until the contrary is proved. *Burgener v. Lippold,* 128 Ill. App. 590; 10 Ruling Case Law 872. If no such bonds had been found in the possession of Eliza Ann Forney at her decease, then it is likely that the presumption of continued possession would have been overcome.

The appellee, in his affidavit of merits, and the inventory and order of sale of personal property, in the estate of Eliza Ann Forney conclusively show that Eliza Ann Forney did have in her possession at her death Liberty Bonds, answering the description of the bonds which she was shown to have possessed, and into which the life fund had been converted.

It is insisted by appellee in his affidavit of merits, and as evidenced by his objection to the admissibility

of certain evidence, that no formal demand was made upon him by appellant for the fund in question. The evidence shows that appellee had notice of the probate of the will of Sarah Jane Bale. Appellant sought to show that he talked to and notified the attorney for appellee, and had advised him of the nature of his demand, under the will of Sarah Jane Bale, after appellee had been appointed administrator of the estate of Eliza Ann Forney, but the court refused to admit the testimony. In this we think the court was in error. It was essential to the claim of appellant to identify the fund. It appears to us that it was admissible for the appellant to explain and to furnish appellee with such information he possessed relative to the fund. It was likewise the duty of appellee to inform himself as to the facts concerning the fund.

In conclusion, we are of the opinion that the devise of the $1,000 in question was a vested one; that it was vested in the appellant at the time of the death of the testatrix; that the suit in question was properly instituted against appellee in his personal capacity; that the fund involved is not a part of the assets of the estate of Eliza Ann Forney; that the court erred in refusing to admit certain testimony, as herein indicated, on the trial of the cause.

We conclude therefore, that the judgment of the circuit court of Peoria county should be reversed and the cause remanded.

*Reversed and remanded.*