Doris Josephine Kernott, Appellant, v. Irene Behnke, Appellee.

Gen. No. 41,553.

390

Heard·in the third division of this court for the first district at the December term, 1940. Opinion filed June 25, 1941. Rehearing denied October 3, 1941.

H. E. CHRISTENSEN, of Chicago, for appellant.

MARSHALL SOLBERG and CLARENCE D. NYHUS, both of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment entered in a replevin action, which contained alternative counts in trover, originally instituted against Irene Behnke individually and also as executrix of the estate of Ida M. Kernott, deceased, and the National Safe Deposit Company, to recover certificate No. 6 for 25 shares of the capital stock of Castle Amusement Company, dated October 6, 1916. The complaint consisted of six counts: Counts I and IV were against the National Safe Deposit Company; Counts II and V were against the defendant, Irene Behnke; Counts III and VI were against Irene Behnke as executrix of the estate of Ida M. Kernott, deceased.

On April 19, 1940, by stipulation of all the parties, it was agreed that a safety-deposit box of the National Safe Deposit Company be opened and the certificate of stock here involved be removed and delivered by a representative of the National Safe Deposit Company to the clerk of the court, pending the disposition of this

cause, and that upon such delivery to the clerk, National Safe Deposit Company be dismissed as a party. Said stipulation further provided that the question of ownership or title to said stock be passed on by the court. On April 23, 1940, that company was dismissed by stipulation as a party defendant, and on June 5, 1940, the cause was dismissed as to Irene Behnke as executrix of the estate of Ida M. Kernott, deceased.

The cause was heard by the court without a jury on Counts II and V against the defendant, Irene Behnke, individually. The court found "the defendant, Irene Behnke, individually, and as Executrix of the estate of Ida M. Kernott, deceased, not guilty, and that the title and right to possession of the property in question is in the defendant as Executrix." The court also found that "the defendant, Irene Behnke, individually, has necessarily incurred attorneys' fees in and about the defense of the above entitled cause, and that the reasonable amount thereof is $125.00 and that defendant, Irene Behnke, individually, has also necessarily incurred, in the defense of said cause, court reporter's fees for the attendance of a court reporter at the trial of the above entitled cause" in the amount of $6. The court having assessed damages against the plaintiff and in favor of the defendant and having entered judgment upon the finding and assessment of damages, this appeal is taken by plaintiff to reverse that judgment.

The trial proceeded under Counts II and V. Count II is the standard count in replevin and Count V an alternative count in trover. The defendant's answer to Count II denies that the plaintiff is the owner of certificate No. 6 for 25 shares of the capital stock of Castle Amusement Company, dated October 6, 1916, and denies that the defendant individually took and detained the same. Her answer to Count V denies that she individually converted said stock certificate or that said certificate ever came into her possession,

other than in her capacity as executrix of the estate of Ida M. Kernott, deceased; and denies that the plaintiff on December 3, 1938, at the present time, or at any other time was the owner of said certificate of stock or of any interest therein or was possessed or entitled to the possession of same. As to both counts defendant's answer says: "This defendant, as Executrix of the estate of Ida M. Kernott, deceased, is the owner of said stock; . . . that said shares were the property of the said Ida M. Kernott at the time of her death and became the property of this defendant as Executrix."

From the record the facts appear as suggested by the plaintiff that on October 6, 1916, Clarence E. Beck was president and John Edward Kernott, father of Doris Josephine Kernott, plaintiff, was secretary of Castle Amusement Company, a family owned corporation. On that date, Mr. Kernott gave to his wife, Ida M. Kernott, plaintiff's mother, as an anniversary present certificate No. 6, for 25 shares of stock of that company. There are 600 shares of stock outstanding in the company. The estate of John E. Kernott owns 274 shares. The executor of his estate owns one share, making 275 shares. Richard Beck owns 176 shares. Clarence E. Beck's widow, Charlotte M. Beck, owns 124 shares, making 300 shares or a total of 575 shares. The remaining 25 shares represented by certificate No. 6 here in question completes the 600 shares outstanding.

Mrs. Kernott shortly after Mr. Kernott's death in 1929 gave her secretary, Mrs. Wenke, a list of securities including these 25 shares of Castle Amusement Company stock and told her those shares had been given to her as an anniversary gift by Mr. Kernott and told her that those shares were very important because they gave the Kernott interest an equal share with the Beck interest, advising her that under no circumstances should she sell that stock but keep it for plaintiff.

It appears from this record that the plaintiff, on June 5, 1940, dismissed the cause as to Irene Behnke, as executrix of the estate of Ida M. Kernott, deceased, and that, subsequently, on June 7, 1940, the court entered judgment and found "the defendant, Irene Behnke, individually, and as executrix of the estate of Ida M. Kernott, deceased, not guilty, and that title and right to possession of the property in question is in the defendant as executrix." The question involved in this controversy is whether the court erred in denying the plaintiff the right to offer testimony regarding the facts surrounding and constituting the gift of the certificate of stock to the plaintiff by her mother, Ida M. Kernott, deceased. From the authorities there would appear to be a doubt as to the admissibility of the evidence as contended for by the plaintiff, where the defendant is defending or being sued as an executrix of a deceased person. Chapter 51, sec. 2, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.068]. The purpose, no doubt, of the plaintiff in dismissing the cause against Irene Behnke, as executrix, was for the purpose of offering evidence upon the questions involved, regarding whether a gift *inter vivos* was made to the plaintiff by her mother, Ida M. Kernott, deceased. Testimony regarding the facts surrounding the alleged gift was offered in evidence by a witness, but on objection of the defendant the court sustained the objection, and thereupon the plaintiff made an offer of proof. The facts that the plaintiff offered to prove, and upon which she predicates her right to recover on the theory of a completed gift *inter vivos* of the stock certificate on March 21, 1935, were in substance that on the morning of March 21, 1935, Mrs. Kernott said "Doris, I have made up my mind to give you these twenty-five shares of Castle stock today. I am going to dispose of it today. I am going to give them to you today so that the matter will be disposed of." Mrs. Kernott then endorsed the stock certificate in blank by signing her name on the assignment form, placed the

stock certificate in an envelope, wrote in ink on the envelope "Doris J. Kernott," handed the envelope to plaintiff and said "Doris, this is now your stock. I have given it to you absolutely, for yourself, and you may keep it the rest of your life." Plaintiff took the envelope containing the stock certificate and said, "Thank you, mother. I certainly appreciate your giving me this stock. I will do what you told me. I will always keep it; I won't dispose of it or sell it. But I want you, mother, to have the dividends from the stock as long as you live, and whatever dividends are paid you keep them as your own." Plaintiff put the stock in her handbag and she and Mrs. Kernott went to the Safe Deposit Company and took out a joint box. Plaintiff deposited the envelope containing the stock certificate in the box. Both she and her mother were each given a key to that box. Consistently with this action, the day after her mother's death, plaintiff picked up the stock certificate from the deposit box, but shortly thereafter was forced by the defendant to return it to the safe-deposit box.

The plaintiff contends that no objection was made to her testimony on the ground of immateriality nor on the ground that statements made by her mother, Mrs. Kernott, were hearsay; and urge that they would have been admissible even though objection had been made on that ground, both as part of the *res gestae* and as admissions against interest. *Winchell v. Rice,* 207 Ill. App. 608, *Brush v. Blanchard,* 19 Ill. 31. The objection was made on the ground that the plaintiff was incompetent to testify and was incompetent as a witness in any respect, by virtue of the provisions of section 2 of the Evidence Act, ch. 51, sec. 2, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.068]. The trial court sustained the objection. Plaintiff's contention is that the defendant is liable and subject to suit in her individual capacity without reference to the capacity in which she sought to defend; that the plaintiff

was suing for this stock on the theory that it was not a part of her mother's estate, and that such being the case, the defendant in wrongfully detaining and exercising dominion over it is liable as an individual; and that being so, the rule that a party in interest could not testify in a suit against an administrator or executor does not apply. One of the cases cited is that of *Rose v. Cash,* 58 Ind. 278, which was a replevin action for the recovery of a promissory note which defendant claimed as administrator of a deceased person. The court in its opinion said:

"The sixth instruction tells the jury, in effect, that, if the appellee had possession of the note and claimed it as administrator, the appellant could not maintain the suit against him in his individual capacity. This is erroneous. The appellant could not be supposed to know in what capacity the appellee claimed the note. If she was the owner of the note and was entitled to possession, and he had the possession and unlawfully detained it from her, she could bring her action against him in his individual capacity, and he could defend it in any capacity in which he held it by right. Replevin is a possessory action; and a plaintiff in replevin cannot recover, unless he shows the right to possession; hence a plea of property in a third person is a good answer. The defendant may say to the plaintiff, 'true, it is not my property, but it is the property of a third person, therefore you are not entitled to the possession of it;' and this will defeat the plaintiff. Whoever has the possession of the property to be replevied, and unlawfully detains it, is the proper person to be sued, whether he claims it as owner, agent, administrator, trustee, custodian, or in any other capacity."

The case of *Havill v. Newton,* 202 Ill. App. 15, was a suit by a widow against the executor of her husband's estate for the alleged conversion of certain notes which she claimed as her sole and separate property. The defendant, who was sued as executor and not indi-

vidually, defended on the ground that the notes belonged to the estate of the deceased, contending that he was improperly sued as executor and that the action should have been brought against him in his individual capacity. The court, in reversing a judgment for the widow, said:

"The jury, by their verdict,—which is not here questioned—found that the deceased had the possession of the said notes, not as owner thereof, but as the custodian for the plaintiff, who was the rightful owner thereof. Consequently the notes herein sued for never became a part of the estate of the deceased notwithstanding their appropriation as assets of the estate, by the defendant. Whenever an administrator or executor takes property not belonging to the estate of which he has charge and appropriates it as an asset thereof, he commits a tort, for which he becomes personally liable, whether sued in tort or in contract. This view is supported both by reason and the weight of authority. . . ." Also, in support of the position taken by the plaintiff is cited the cases of *Herd v. Herd,* 71 Iowa 497, and *Rodman v. Rodman,* 54 Ind. 444. In the case of *Sando v. Smith,* 237 Ill. App. 570, the action was brought by the plaintiff who claimed funds and property based on a gift *inter vivos* from her sister against defendant, individually, although he was the administrator of the sister's estate. On the first trial plaintiff was allowed to testify to facts alleged to have occurred prior to the death of the sister over defendant's objection and on the theory that the admission of that evidence was error, a new trial was awarded. On the second trial the plaintiff was not permitted to testify as to things alleged to have taken place prior to the death of the deceased. The court in discussing the question, said:

"Inasmuch as there is to be another trial of this case, we feel that we ought to say that, in our opinion, the plaintiff should be permitted to testify, as she did

in the first trial of the case, as to occurrences which are alleged to have happened prior to the death of the deceased. The defendant is properly sued here, not as an administrator but in his individual capacity. *Havill v. Newton*, 202 Ill. App. 15. *Whitaker v. Shuman*, 161 Ill. App. 568. It is true that he claims the right to retain the money sued for, on the theory that it is a part of the estate of his deceased sister and, therefore, he himself, will not be permitted to assume an attitude inconsistent with that position. It is for that reason that we have held that he, claiming the right to retain this money as an officer of the court, will not be permitted to invoke the rule as to voluntary payments in ignorance of legal rights. But when it comes to the rules of evidence to be applied to the plaintiff as to the proof of her case, we must remember that the plaintiff may only recover in this case on the theory that the money she is suing for is not a part of the estate of her deceased sister and that such being the case, the defendant, in wrongfully retaining it, is liable as an individual. Inasmuch as the plaintiff may recover only on the theory that the money sued for was not a part of her deceased sister's estate, the rules of evidence eliminating the testimony of a plaintiff in a suit against an administrator may not properly be applied here." There is a further case, *Corney v. Corney*, 257 Ill. App. 13, which was a suit against defendant individually to recover money in the possession of defendant which he claimed to hold as administrator of the estate of Eliza Ann Forney, who was entitled to the use of the funds for her life, at her death to be distributed to certain persons including plaintiff under the will of another deceased person. The plaintiff there contended that his interest in the funds in the hands of Eliza Ann Forney for life was fixed at the sum of $1,000 by the terms of said will. The suit was to recover this sum plus interest. Defendant's contention was that he had the right, as

administrator, to administer the life fund; that plaintiff had no remedy except to file a claim in the probate court within one year—which was not done; and that he received the assets constituting the life estate fund in a representative capacity and was not liable individually. Plaintiff, however, contended that his interest in the funds in the life estate under the will passed to him on the death of Eliza Ann Forney, without any action on the part of her administrator. The court as part of its opinion said:

"During the trial it appears that appellee objected to certain testimony that was offered on the part of appellant. It is insisted that appellant was disqualified from testifying to conversations with Eliza Ann Forney. We think that appellant was competent to testify, either as to conversations or transactions with Eliza Ann Forney, during her lifetime, that related in any manner to the fund in question. It will be remembered that appellee was not sued and was not defending in a representative capacity.

"The case of *Sando v. Smith, supra,* announces the rule that sustains the contention of the appellant, that appellant was a competent witness to testify as to conversations had by him with Eliza Ann Forney and concerning the fund in question, . . ."

From an examination of these authorities, the dismissal of defendant, Irene Behnke, as executrix of the estate of Ida M. Kernott, deceased, as a party defendant, was properly entered. As we have indicated, such dismissal was for the purpose of qualifing the evidence that was offered by plaintiff regarding the facts as they applied to the alleged completed gift *inter vivos.* The trial court in disregarding the offer of proof as made by plaintiff, after dismissal of defendant as executrix, was in error, and for the reasons stated we believe that the offer of proof as made should have been admitted and considered by the court.

The defendant testified over objection and motion to strike her testimony as to alleged conversations with plaintiff's mother, Ida Kernott, and with Mr. Beck. The substance was that Mrs. Kernott in the spring of 1936 had asked defendant to talk with Mr. Beck to find out what he would pay for 25 shares of stock as she would like to sell it; defendant talked back and forth to Mrs. Kernott and Mr. Beck; he offered $2,500, and Mrs. Kernott refused to accept. Both Mrs. Kernott and Mr. Beck were dead at the time of trial. This testimony was inconsistent with plaintiff's theory of a gift *inter vivos* on March 31, 1935, and improperly admitted was highly prejudicial. Defendant was also, permitted to testify over objection and motion to strike her testimony in substance "I know that Doris had her heart set on this twenty-five shares of stock, and I went to her mother and I said 'Why don't you make this over to Doris, and let her feel free and easy? This is what she wants more than anything else in the world, Ida. Why don't you give this over to Doris?' And she said, 'Well, I am not going to. I don't know what I want to do with this yet.' That was my plea always, that if Doris wanted that,—because I was very fond of Doris,—why couldn't she have that stock? Well, it was the same answer. 'If anything happens to me, Irene,' she said, 'you know I have left a will, and that is sufficient.' "

Appellant argues that there is no conceivable theory upon which such testimony could have been competent or admissible, and that the testimony was plainly hearsay and inadmissible. The testimony of defendant as to conversations with Mrs. Kernott and Mr. Beck was not only not within the classification of admissions but was a bare self-serving declaration. The case of *Republic Iron & Steel Co. v. Industrial Commission,* 302 Ill. 401, is cited, which seems to support the rule as is contended for by the plaintiff. Accord-

ing to that case, the rule—that declarations or admissions are an exception to the rule as to hearsay evidence when offered against an administrator or one claiming under him, by the party sued—"is otherwise, however, when such declarations are offered as evidence by the injured party who makes them or when offered by his administrator or one suing for injury or compensation for his death. In such a case the declarations are in the nature of self-serving declarations and come strictly under the hearsay rule. For that reason the declarations of the deceased in the case of *Chicago Packing Co. v. Industrial Board, supra,* (282 Ill. 497) were held incompetent.''

So in the case at bar, it is further suggested that the defense is that the defendant is entitled to the stock as executrix of the estate of Mrs. Kernott; that the defendant, therefore, stands in the shoes of Mrs. Kernott and has only such right as Mrs. Kernott had; and that any alleged statement, therefore, on the part of Mrs. Kernott to the effect that she had not given the stock to plaintiff—i.e. that she (Mrs. Kernott) still owned the stock at a date subsequent to March 21, 1935 (the date of the gift)—is purely a self-serving declaration. We agree with this contention because, as it is stated in the facts, the date of the gift was March 21, 1935, and the so-called declaration was made subsequently in the spring of 1936. We are of the opinion that the testimony of the defendant is clearly inadmissible and was made as we have stated at a time subsequent to the alleged gift to the plaintiff.

There are other questions called to our attention, but since the cause will be remanded for a further trial, it will be unnecessary for this court to consider same, for the reason that it will be necessary for the trial court to consider all the offers of proof as made when the case is reached for trial.

There is one further question in the case that we believe should be passed upon, and that is whether or

not the court erred in entering judgment for attorney's fees in the sum of $125 in favor of defendant Irene Behnke, individually, and of $6 for court reporters charges. There is no statutory provision allowing such fees and charges. In the Replevin Act (ch. 119, sec. 22, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 109.522]) it is provided that "If the plaintiff in an action of replevin fails to prosecute his suit with effect, or suffers a voluntary or involuntary dismissal, or if the right of property is adjudged against him, judgment shall be given for a return of the property if such property has been delivered to the plaintiff, and damages for the use thereof . . . shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, when judgment may be given against him for costs and such damage as the defendant shall have sustained; . . . ." It is to be considered that in this case the property was in the possession of the clerk of the court, not in the plaintiff, and that it was ordered returned to defendant, so that no damages "for the use" thereof could have been assessed. In section 52 of the Civil Practice Act (ch. 110, sec. 176, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 104.052]) it is provided that:

"The plaintiff may, at any time before trial or hearing begins, upon notice to the defendant or his attorney, and on the payment of costs, dismiss his action or any part thereof as to such defendant, without prejudice, by order filed in the cause. Thereafter he may dismiss, on the same terms, only (1) upon filing a stipulation to that effect signed by such defendant, or (2) on the order of the court or judge made on special motion in which the ground for such dismissal shall be set forth and which shall be supported by affidavit. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by consent of the defendant." It does not appear that any objection was made to the dismissal of Irene

Behnke, in her capacity as executrix, on the ground that costs had not been paid nor on the grounds that no stipulation was filed by defendant, or that the order of court was granted on motion not supported by affidavit. So that from the facts as they appear in this record—and no provision having been made by statute nor by agreement of the parties for the entry of judgment for such attorney's fees and court reporter's charges—we are of the opinion that the court erred in allowing such fees and charges, and for that reason the order allowing same will be reversed.

Having considered the question of most importance —as to the admissibility of certain evidence and testimony of plaintiff—and for the reasons stated in this opinion, the judgment is reversed and remanded with directions for a new trial.

*Reversed and remanded for new trial.*

BURKE, P. J., concurs.

DENIS E. SULLIVAN, J., takes no part.