538

*In re* ESTATE OF GRACE M. SHUGART, Deceased.—(CECIL McLANE, Ex'r of the Estate of Grace M. Shugart, Petitioner-Appellant, *v.* WILLIAM J. WIMBISCUS, JR., Respondent-Appellee.)

Third District   No. 79-389

Opinion filed February 28, 1980.

Rudolph J. Westphal and James B. Lewis, both of Peoria, for appellant.

Linn C. Goldsmith, of Boyle & Goldsmith, of Hennepin, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On February 23, 1979, the circuit court of Bureau County dismissed with prejudice a citation petition filed by the executor of the estate of Grace M. Shugart, said petition being captioned as an "Amended Citation to Discover and For Order of Conveyance." The executor, Cecil McLane, appeals that decision to dismiss.

The facts which underlie this controversy as set forth in the subject citation petition are as follows: On February 17, 1958, a deed was recorded in the Bureau County recorder's office which described a 240-acre farm and which established that the farm was owned in joint tenancy by two sisters, Grace M. Shugart and Helen Shugart. Subsequently, on November 9, 1971, Helen Shugart was adjudicated an incompetent person and attorney Fred Russell was appointed her conservator.

Thereafter, Grace M. Shugart sought the counsel of attorney Russell in the drafting of a last will and testament. Attorney Russell, while still acting as conservator for Helen Shugart, did advise Grace M. Shugart as to carrying out her testamentary wishes, and as a result of such advice, Grace M. Shugart executed a will on August 19, 1976, which contained the paragraph quoted below:

"ARTICLE XI

I devise and bequeath unto CECIL McLANE, who has worked for me and my sister, Helen R. Shugart, and been our farm tenant for a period of over 28 years, a life estate in my interest in the home farm situated in Sections 28 and 29, Township 17 North, Range 9 East of the Fourth Principal Meridian, Bureau County, Illinois, containing 240 acres, more or less, for him to use and to receive all income therefrom for and during his lifetime; he, however, to pay the taxes and to keep the improvements adequately insured and maintained during his tenure as life tenant. Upon the demise of the said Cecil McLane, I hereby devise unto his son, KEITH McLANE, the remainder of my interest in said real estate."

The "home farm" devised by article XI of Grace M. Shugart's will was the same 240-acre farm described in the 1958 joint-tenancy deed. Upon Grace M. Shugart's death, which occurred on April 18, 1977, the legal title to the farm passed, by operation of law, to the surviving joint tenant, Helen Shugart. Such a transfer by operation of law worked to defeat the interests of the devisees in Grace M. Shugart's testamentary plan, namely Cecil McLane and Keith McLane.

Cecil McLane was nominated executor of the estate of Grace M. Shugart according to the terms of her will. He filed the aforementioned citation petition alleging:

a. that Fred Russell owed a fiduciary duty to Grace M. Shugart as her attorney and to Helen Shugart as her conservator;

b. that the interests of the two sisters were irreconcilably conflicting;

c. that Grace M. Shugart was under the impression that paragraph 2 of her will would effectively devise her interest in the "home farm" to Cecil McLane and Keith McLane; and

d. that the estate of Helen Shugart, incompetent, was unjustly enriched as a result of Fred Russell's breach of fiduciary duty.

The citation petition, directed to Fred Russell as conservator of the estate of Helen Shugart, sought a conveyance of an undivided one-half interest in the 240-acre farm. The trial court, in reliance on considerable Illinois authority, granted the conservator's motion to dismiss and held that no recovery could be made from a trust estate by a third party based on the malefactions of the trustee, even when such malefactions were

committed in the course of administration and the trust estate was benefited thereby. (*Wahl v. Schmidt* (1923), 307 Ill. 331, 138 N.E. 604; *Christensen v. Frankland* (1944), 324 Ill. App. 391, 58 N.E.2d 289; *Havill v. Newton* (1916), 202 Ill. App. 15.) We are not persuaded, despite the appellant's urging, that the facts of the case at bar distinguish it from those authorities relied upon by the trial court.

■■ We are asked to hold that a citation petition to discover and order the conveyance of certain real property need not state a cause of action for recovery of such real property to warrant issuance of the citation. The Probate Act of 1975 provides for an identical statutory procedure for recovery of property and for discovery of information. (Ill. Rev. Stat. 1977, ch. 110½, art. XVI.) Either procedure is commenced with the filing of a citation petition, although one type of proceeding is in the nature of discovery and the other is an adversary proceeding in which the right and title to property is contested and determined by the court. (*In re Estate of Weisberg* (1978), 62 Ill. App. 3d 578, 378 N.E.2d 1152.) In order that the court and all parties before it can determine the type of procedure which the petitioner intends to pursue, the statute requires that "[t]he petition shall contain a request for the relief sought." (Ill. Rev. Stat. 1977, ch. 110½, par. 16—1(a).) Where the petitioner seeks to have the right and title to property determined by the court, the petition must be sufficient to state a cause of action and to afford the respondent an opportunity to prepare a defense. *In re Estate of Weisberg.*

In the case *sub judice*, the petition is captioned as if the discovery of information was the relief sought, but petitioner's prayer requested only the recovery of property. That prayer reads:

> "Wherefore, your petitioner prays that this court order Fred Russell, as Conservator of the Estate of Helen Shugart, Incompetent, to convey an undivided one-half interest in the lands referred to in paragraphs 2 and 3 of this Petition to the Estate of Grace M. Shugart, for distribution under the terms of her Last Will and Testament."

In light of the express statutory requirement of a request for relief, we believe such request controls the type of relief sought by the petition, and where the relief sought is the recovery of property, the petition must state a cause of action or be subject to dismissal.

■■ We are also urged to hold that the citation petition did indeed state a cause of action for the recovery of property against the estate of Helen Shugart, incompetent. Our attention is focused on numerous decisions of the reviewing courts of this State where a constructive trust has been impressed following a breach of duty by one acting in a fiduciary capacity. In each of those decisions, however, the funds on which the constructive trust was impressed were held under different circumstances

than in the case at bar. Here, the cause of action is brought against funds held in trust. No recovery can be made from a trust estate by a third party based on the tortious acts of the trustee. *Wahl v. Schmidt*; *Christensen v. Frankland.*

■■ In a case exhibiting many factual similarities to the case *sub judice*, *Havill v. Newton* (1916), 202 Ill. App. 15, it was established that the trust estate cannot be the target of an action based on the wrongful act of the fiduciary of that trust estate. Such is precisely the basis of the petitioner's cause of action herein. Given a most favorable reading, the citation petition suggests that attorney Russell breached a duty he owed to Grace M. Shugart. As a consequence, the estate of Helen Shugart, with attorney Russell as conservator, was enriched. The relief sought is from the actual trust estate. Whenever a fiduciary "takes property not belonging to the estate of which he has charge and appropriates it as an asset thereof, he commits a tort, for which he becomes personally liable * * *." (*Havill v. Newton* (1916), 202 Ill. App. 15, 16.) Relief, if any, must be had against the fiduciary as an individual as under the law a fiduciary in that capacity cannot commit a tort. *Havill v. Newton.*

The *Havill* court recognized that this rule may subject the fiduciary and others to unusual hardship, but offered the fiduciary's right to reimbursement from the trust estate as a legal principle ameliorating any such hardship. In that this ameliorating principle is still viable, we believe no reason exists to question the authority of the *Havill* decision. This court is not otherwise persuaded by the authority of *In re Estate of Bichl* (1965), 65 Ill. App. 2d 3, 213 N.E.2d 83, because there the action was brought against the conservator individually.

We have scrutinized the arguments of counsel, studied the record of the proceedings below, and reviewed with care each authority brought to this court's attention. After so doing, and for the reasons above set forth, we affirm the decision of the circuit court of Bureau County.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.